# Haines's Appeal.

1. The legislature cannot give a tribunal, acting without a jury, power to determine *legal* rights unless there be some equitable ground of relief.

2. To sustain the chancery power to order deeds, &c., to be delivered up to be cancelled, there must be some danger of future litigation, when the facts will not be capable of proof, or have been become obscured by time.

3. The Act of April 28th 1868, authorizing the *court* upon petition on "due proof" that a ground-rent has "been extinguished by payment or presumption of law," &c., to decree that such ground-rent is extinguished, is unconstitutional; it violates the right of trial by jury.

4. A party is not concluded by the decision of a court not having jurisdiction to decide the controversy.

5. Norris's Appeal, 14 P. F. Smith 275 ; North Pennsylvania Coal Co. *v.* Snowden, 6 Wright 488 ; Tillmes *v.* Marsh, 17 P. F. Smith 507, considered.

February — 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Appeal from the Court of Common Pleas of *Philadelphia :* No. 276, to January Term 1871.

This was a proceeding under the Act of April 28th 1868 (Pamph. L. 1147, 1 Br. Purd. 750, pl. 6), as follows, viz.: "In all cases in which ground-rents have been or may be extinguished, by payment, or by presumption of law, but no deed of extinguishment or release thereof shall have been executed, it shall and may be lawful for the owner or owners of the land out of which the rent issues, or any person interested, to apply by petition to the Court of Common Pleas, * * * whereupon such court shall make such order for giving notice, &c., * * * *and on due proof being made of the truth of said petition,* the said court are authorized and required to make a decree declaring that the said ground-rent is released, merged and extinguished," &c.

On the 12th of March 1870, George D. Parrish, William Hunt and Stephen S. Price, executors, &c., of Joshua Longstreth, deceased, presented a petition to the Court of Common Pleas of Philadelphia, setting forth that the decedent had died, seised of two

[Haines's Appeal.]

lots of ground on North street, between Fifth and Sixth streets, Philadelphia, on each of which there was a ground-rent of $80 per annum, payable to Reuben Haines; that no acknowledgment of the existence of the ground-rents had been made by the decedent or by any one on his behalf for twenty-one years, and the ground-rents were presumed to be released and extinguished, &c.; that Haines was deceased, and his residuary devisees were owners of the ground-rents. After setting out other facts, they prayed, that upon the notice required by the Act of Assembly to the parties interested, "a decree be made declaring said ground-rents extinguished," &c.

John S. Haines, executor, &c., of Reuben Haines, deceased, by his answer admitting the existence of the ground-rents and other allegations of the petition, averred facts in answer to it for the purpose of rebutting the presumption of a release of the ground-rent. He further said: "That he is advised, and believes that the Act of 1868 is contrary to the Constitution of the state of Pennsylvania, in that it deprives the respondent, and others, of their right to trial by jury, and usurps the judicial power vested in the courts; and further, that it is in violation of the Constitution of the United States, in that it impairs the obligation of contracts."

The matter was referred to W. B. Robbins, Esq., as examiner and master.

He took testimony and reported: "Upon the question of fact the master has no difficulty in arriving at a decision that, in the words of the Act of Assembly, no payment, claim or demand has been made on account of or for said ground-rents, and no acknowledgment or declaration of the existence thereof has been made within a period of twenty-one years past." * * *

"Being satisfied, therefore, that it has been sufficiently proven that no payment or demand for these ground-rents, or acknowledgment of their existence, has been made for more than twenty-one years past, and deciding the Act of 1868 to be constitutional, the master is of opinion that in this case the prayer of the petition ought to be granted."

The executor filed exceptions to the report of the master. It was confirmed by the court (Ludlow, J.), and it was decreed that the ground-rents "be and hereby are released, merged and for ever extinguished."

The executor appealed to the Supreme Court and assigned the decree for error.

*H. Wharton*, for appellant.—The question of extinguishment was one of fact, and to be decided by a jury: 1 Greenl. sect. 39; Foulk v. Brown, 2 Watts 215; Taylor v. Megargee, 2 Barr 225; Fladong v. Winter, 19 Vesey 196.

The act takes away the trial by jury and is therefore unconsti-

[Haines's Appeal.]

tutional: N. Penna'a. Coal Co. v. Snowden, 6 Wright 488; Rhines v. Clark, 1 P. F. Smith 96; Norris's Appeal, 14 Id. 275; Tillmes v. Marsh, 17 Id. 510. The act did not design an equity proceeding. There is nothing in the case to bring it under any head of equity; neither mistake, fraud, accident or trust, and cannot therefore be withdrawn from a court of law: Hamilton v. Cummings, 1 Johns. Ch. 523; Kerr on Injunctions 13; Bromley v. Holland, 5 Vesey 618. The act operates on the contract itself, impairing its obligation, and is in violation of the Federal Constitution: Webster v. Cooper, 14 Howard 488.

*J. Parrish* and *J. E. Gowen,* for appellees.—If the court would be bound to instruct a jury that the defence was unavailable, a decree without a jury would be valid: Hoffman v. Locke, 7 Harris 59; Taggart v. Fox, 1 Grant 190. The proceeding is an equitable one: 1 Story's Eq. Jur. sect. 698, 709, and cases cited in notes: Eckman v. Eckman, 5 P. F. Smith 269; Craft v. Lathrop, 2 Wallace, Jr., 103; Kenton v. Vandegrift, 6 Wright 339; Bromley v. Holland, 7 Vesey 3.

The opinion of the court was delivered, March 6th 1873, by

SHARSWOOD, J.—The only ground upon which the constitutionality of the Act of April 28th 1868, Pamph. L. 1147, can be supported under the decisions of this court in North Pennsylvania Coal Co. v. Snowden, 6 Wright 488, Norris's Appeal, 14 P. F. Smith 275, and Tillmes v. Marsh, 17 Id. 507, is that it is a proceeding within the jurisdiction of a court of equity. It must certainly be considered as settled by those cases, that an Act of Assembly cannot vest in a tribunal like a court of chancery, acting without a jury, the power to determine upon the legal rights of parties, unless there exists some equitable ground of relief. We may look in vain for any principle or authority to sustain a bill praying for a decree under the facts and circumstances, as disclosed in the petition filed in the court below. As to the power which has been principally relied on, to order deeds or instruments to be delivered up and cancelled, there is always some ground of equity upon which the chancellor has interposed, besides the mere fact that the instrument cannot be enforced at law. There must be some danger of future litigation, when the facts will be no longer capable of complete proof, or have become involved in the obscurities of time: 2 Story's Eq. Jur. sec. 705. This is the reason upon which a bill *quia timet* may be sustained. No case has been produced, and we think none can be, which goes the length which must be maintained here, that wherever there is an outstanding claim or encumbrance upon an estate which is barred by reason of lapse of time, and therefore cannot be enforced at law, but which nevertheless, is a cloud upon the title, and prevents it from being

marketable, the possessor can invoke the aid of a court of equity to remove the cloud, and for ever bar such claim or encumbrance by a perpetual injunction. If this could be done, there is not an ejectment in the common-law courts which by an inversion of parties could not be brought into a court of equity, and the question finally determined by one decree without a jury, instead of two verdicts and judgments. No doubt it is highly important to the parties, and, indeed, of public interest, that some mode should exist by law by which all such clouds may be removed, and thus valuable estates be brought into the market. We are very far from holding that the legislature cannot do this. But then trial by jury must be "as heretofore, and the right thereof remain inviolate." By the thirty-third section of the Act of June 16th 1836, Pamph. L. 701, entitled "An Act relating to the lien of mechanics and others upon buildings," whenever a mechanic's claim is filed against a building, it is made lawful for the owner, or any person interested, to call the claimant into court, which is thereupon authorized to proceed in like manner as if a *scire facias* had been issued, and duly served and returned. No one has ever thought of questioning the constitutionality of that section, which has been frequently acted upon and found very beneficial. Had there been a provision in the Act of 1868, giving the respondent the right to demand an issue, as by the eighty-seventh section of the Act of June 16th 1836, Pamph. L. 777, in questions arising upon the distribution of the proceeds of sheriffs' sales, all objections to the act on this score would have been obviated. The learned judge who delivered the opinion of the court below, appears to have thought that because "there is nothing in the law which would prevent the court from sending every such case as this by a general rule to a jury," it may therefore "very well be questioned whether this act does in fact absolutely deprive the parties of a jury trial." But as such a general rule, or the award of an issue in any particular case, would be entirely in the discretion of the court, it is clear that the parties have not secured to them their constitutional right of trial by jury. They would in effect hold it at the mere pleasure of the court.

The contention which has the most plausibility, is that upon the evidence in this case there was no question of fact for the decision of a jury, and that assuming all the facts to be true, the court before whom the trial might be had, would be bound to instruct the jury that the ground-rents in question must be presumed in law to be extinguished. Conceding this to be so, there is a fallacy which lurks in this argument. The respondent in his answer demurred to the jurisdiction of the court, and if in law he was right, he could not be affected by any failure in the evidence, which he was not at all bound to produce. No party can be concluded by the decision of a court which has no jurisdiction to decide the con-

troversy.　We cannot strike from the act the words "on due proof being made of the truth of the said petition," and insert other words which would confine the jurisdiction to the case, where no evidence should be produced which would save the act from its unconstitutional operation.　That would be judicial legislation.　We assume in this judgment that the evidence brought the case in law entirely within the purview of the Act of 1855.　Upon that, however, we give no opinion.

Order reversed at the costs of the appellee.