## Commonwealth v. One Ford Truck.

*Prohibition enforcement—Automobiles — Forfeiture—Trial by jury—Act of March 27, 1923.*

1. Section 11 (D) (vii) of the Prohibition Enforcement Act of March 27, 1923, P. L. 34, which provides that, in condemnation proceedings against vehicles used in the unlawful transportation of liquors, "unless the Commonwealth or the claimant shall demand a jury trial within five days after the conclusion of the hearing, the right to such trial shall be deemed to have been waived," is a recognition of the right to a jury trial and provides a method by which that right may be secured, and is, therefore, in conformity with the constitutional provision that "trial by jury shall be as heretofore and the right thereto remain inviolate."

2. The time for making the application runs from the date of the hearing, not from the entry of the decree.

3. The decree should not be entered until the five days have expired.

4. Where the decree of condemnation was entered on the day of the hearing and a demand for a jury trial made by claimant within five days of the hearing, the court vacated the decree, so that the record might not present the anomaly of a jury trial to determine a matter already adjudicated.

Petition for condemnation of motor-truck. Q. S. Phila. Co., May Sess., 1924, No. 203.

*Charles E. Fox*, Assistant District Attorney, for plaintiff.

*Thomas J. Minnick, Jr.*, for defendant.

FERGUSON, J., Oct. 10, 1924.—In this case a petition was presented by the Commonwealth, praying for the condemnation of one Ford truck. A hearing was had on June 6, 1924, and on that day a decree was entered condemning the truck and directing the sheriff to sell it. On June 10, 1924, a petition was filed for a jury trial, and on Sept. 22, 1924, a motion was made by the Commonwealth to dismiss the petition for jury trial.

The Act of March 27, 1923, P. L. 34, contains an elaborate system for the condemnation of intoxicating liquors illegally possessed or transported, and vehicles used for such transportation. This system provides for a petition to the Court of Quarter Sessions, with notice to the owner or party in possession, and gives opportunity to the person claiming the property seized to show why the same should be returned to him. The statute calls for a hearing, and, if the facts justify, a decree of condemnation under which the intoxicating liquor may be ordered destroyed and the vehicle sold by the sheriff. It is clear that the hearing on this petition is intended to be had before the court and disposed of by the court without a jury. Section 11 *(D)* (vii) provides, however, that "unless the Commonwealth or the claimant shall demand a jury trial within five days after the conclusion of the hearing, the right to such jury trial shall be deemed to have been waived."

In the case at bar a decree was entered on the day of the hearing, but within five days a demand for jury trial was filed. It is contended by the Commonwealth that the provision above quoted does not confer the right to a jury trial; that a claimant cannot demand such jury trial as a matter of right; that the section is unconstitutional because it provides for a review of the

Commonwealth v. One Ford Truck.

judgment of the Quarter Sessions Court by a jury; and that this section is surplusage because it apparently calls for a second judgment after a matter has already been adjudicated.

The Constitution of Pennsylvania provides: "Trial by jury shall be as heretofore and the right thereof remain inviolate." The question in this case is the right to the possession of an automobile. The Commonwealth contends that it should be forfeited because it had been engaged in illicit transportation. The claimant resists this contention and demands that the property be returned to him. It must be conceded that an automobile is not a nuisance. Its ordinary use and function are legitimate and lawful. It cannot be forfeited by summary proceeding for breaches of the statute law without a trial by jury. Such forfeitures at common law were always tried by juries. The Supreme Court of Pennsylvania, in Haines's Appeal, 73 Pa. 169, has declared that the legislature cannot vest in a tribunal like a court of chancery the power to determine the legal rights of parties unless there exists some equitable matter in controversy. No equitable question is involved here. The power of the legislature to enact laws denying the ancient right of trial by jury is discussed at length in Colon v. Lisk, 153 New York, 188, and Keeter v. The State, 82 Oklahoma, 89. No such power exists except in special matters, such as the abatement of nuisances.

We conclude that if the Act of 1923 had contained no provision on the subject, the constitutionality of the statute, so far as relates to the condemnation section, would have been in grave doubt.

It is plain these considerations must have been in mind when the act was drafted, and although the language cannot be regarded as an express grant, it is a recognition of the right to a jury trial, and provides a method by which that right may be secured. The motion to dismiss must, therefore, be overruled.

Holding, as we do, that the right to a jury trial is preserved, there remains to be examined the method by which that right is exercised. In this respect the statute is not clear. It provides that the demand for such trial shall be made within five days after the conclusion of the hearing. Much confusion has resulted in efforts to interpret this provision. In some cases decrees have been entered under the impression that the parties had five days after the decrees in which to demand jury trials. This view makes the demand, in effect, an appeal from the judgment of the court to the same court with a jury, to the end that a second judgment may be obtained. This second judgment may be wholly inconsistent with the first.

We doubt if the legislature intended such an absurdity. It seems more reasonable to assume that it was intended to give the claimant the opportunity to make his demand for a jury trial before the judgment is actually entered. It may be the design was to give the claimant the benefit of preliminary knowledge of the evidence he must be prepared to meet. Such preliminary knowledge is usually had in criminal matters. To give practical effect to the enactment, as is our duty, it would seem necessary for the court to stay its hand until five days have expired, and then, if no demand is made, enter the decree. If demand is made, no action should be taken on the petition until after the jury trial is had.

In the case at bar the court entered its decree on the day of the hearing. The demand for jury trial was made within the time expressly designated in the act. The claimant is confronted by a decree. We deem it our duty to vacate the decree of condemnation, so that the record may not present the anomaly of a jury trial to determine a matter already adjudicated.