## Herr et al. v. Fry's Executor et al.

Roberts R. Appel and T. Roberts Appel, for petitioners.

John L. Hamaker, for respondents.

SCHAEFFER, J., January 21, 1933.—In this proceeding a petition was presented for extinguishment of a ground rent on certain premises now owned by petitioners, containing 2 acres and 57 perches, situate partly in Millersville Borough and partly in Manor Township. The petition sets forth that respondents claim to be entitled to the ground rent in question of $28,275 and an annual rent charge or payment of $1,695. The petitioners aver that they are informed and believe that the said ground rent was extinguished by Adaline S. Johnson, then owner of said ground rent, to George Longenderfer, then owner of said premises, on or about May 11, 1865. It is also averred that since May 11, 1865, no ground rent has been due, payable, or collected by respondents or their predecessors in title, and that by reason thereof for a period of more than 21 years last past the presumption in law of payment and extinguishment thereof has arisen and bars any collection or proceeding to collect the same. It is admitted that no deed of extinguishment or release for said ground rent appears of record. A rule was granted by the court which was served personally on respondents in Lancaster County by the Sheriff of Lancaster County. No order of advertisement as to notice was made by the court.

To this petition the respondents have demurred, assigning five reasons therefor. Respondents have abandoned and do not press assignments four and five of the demurrer.

The first cause for demurrer is that the petition does not show that the date when the last payment of the ground rent was made is within the petitioners' knowledge, and that such omission is fatal. The case of Brook v. Bromley, 28 Dist. R. 291, is cited by respondents, which decides that a petition for the extinguishment of a ground rent will be refused if there is nothing therein to show that the petitioner has any knowledge as to when the yearly rent was last paid or demanded.

Upon examination of this case it is not necessarily in conflict with what is alleged in the petition in the instant case. This decision does not expressly require personal knowledge, but knowledge as to when the yearly rent was last paid or demanded or some acquaintance with facts averred. The payment of the ground rent is set forth specifically in the petition as having occurred on May 11, 1865, between the parties named in the petition. In the decision referred to appears the following:

"If it be a fact that no rent has been paid or demanded within the time establishing the presumption of payment, it is necessary that some method be available to clear the cloud from the title . . . [and, that the petition should be by one] who, in the language of the act, knows 'the method or means whereby it became extinguished.'"

A demurrer admits the facts properly and sufficiently pleaded. The allegations set forth in the petition for extinguishment of said ground rent are sufficient.

The act provides for the framing of an issue to try the question whether the ground rent has been extinguished by payment or presumption of law where any of the parties claiming or having an apparent interest in the ground rent shall appear and sufficiently answer the rule. In that manner the knowledge of the facts averred by the parties and how such knowledge or information was obtained can be fully determined.

The second and third causes for demurrer are that the Act of July 19, 1917, P. L. 1112, violates both the State and Federal Constitutions in that it provides for service of process by publication. It is claimed that in this manner the owner of a ground rent may have his estate divested, although his whereabouts are known, if he does not reside in the county wherein the petition is presented, and that this is not "due process of law" guaranteed by the Constitutions refered to.

Said act in section 1 provides:

". . . and the court shall make such order for the service of such rule, either by personal service or by publication, as the court shall see fit: Provided, however, That all known persons who are made respondents, who reside in the county, shall be served personally, and that all other persons interested may be served by publication", etc.

Section 3 of the same act, briefly stated, provides in the event, after service of the rule either by personal service or publication as the court shall direct, none of the parties interested in said ground rent shall appear and file an answer showing cause why the rule should not be made absolute, it shall be the duty of the court to make the rule absolute and to enter a judgment and decree against the respondents declaring the said ground rent released, merged, and forever extinguished; which judgment shall be final and conclusive between the parties, their heirs and assigns, or any persons claiming under them or any of them. The act then provides for the recording of a copy of such decree in the recorder's office, and it then provides that said decree shall have the same force and effect as a sufficient deed of extinguishment, duly executed by the real owner of said ground rent.

In the petition demurred to, no other party in interest as owner of the ground rent is mentioned, nor do respondents allege that any exist whose rights might be prejudiced or lost by this proceeding to extinguish the ground rent. The objection is general and merely raises a question of law as to the constitutionality of said act. It seems to be against the general policy of the law to find in favor of such a contention, as it would tend to perpetuate rather than remove clouds on the title to real estate. It is, therefore, not essential to consider whether such a proceeding is in personam or in rem or quasi in rem.

In this proceeding no person is deprived of his property without due process of law under said act of assembly.

In general, the following acts of assembly have the same purpose and follow a procedure similar to said Act of 1917:

1. Act of June 16, 1836, P. L. 695, relating to mechanics' liens, which was characterized in Haines's Appeal, 73 Pa. 169, as constitutional.

2. Act of June 10, 1881, P. L. 97, which provides procedure for entering of record the satisfaction of recorded mortgages on which no payment has been made for 21 years.

3. Act of March 8, 1889, P. L. 10, which provides procedure for a rule to bring ejectment to quiet title.

4. Act of May 8, 1895, P. L. 44, which provides procedure to discharge encumbrances due and unclaimed for 21 years, and which was held constitutional in Thomas's Estate, 18 Dist. R. 1049.

The demurrer is, therefore, overruled.

From George Ross Eshleman, Lancaster, Pa.