## Povilaitis et al. v. Stainis et al.

*M. F. McDonald*, for plaintiffs; *Felix Bolowicz*, for defendants.

VALENTINE, J., December 30, 1933.—Plaintiffs, alleging that they were creditors of the defendant Peter Stainis, filed their bill under the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, averring that the defendant Stainis had made voluntary conveyance of his property (therein referred to) to the defendant Hoffman, with intent to defraud the plaintiffs. The plaintiffs prayed, inter alia, "that said conveyance be decreed void and of no effect as to them." The defendant Stainis by answer filed, denied that he was indebted to either plaintiff but admitted that on September 23, 1931, he had assigned his leasehold interest in a lot of land situate on Falls Street, Ashley Borough, this county, improved with a dwelling house, to the other defendant, Martha Hoffman. On the trial, defendants asserted that said transfer was made for valuable consideration. Plaintiffs asserted that it was made without consideration, for the purpose of cheating and defrauding them. This controverted question of fact was resolved by the chancellor in plaintiffs' favor, and he found as a fact that the transfer had been made with intent to defraud the plaintiff Mary Povilaitis. The other plaintiff, Anna Sterns, claimed to be a creditor because of the failure of the defendant Stainis to pay her for the support of her sister the sum of $25 per month, as directed by order of the court of quarter sessions. The chancellor concluded that, while the amount owed was a debt, the plaintiff Anna Sterns was not a creditor, but sustained the bill because he had determined that the plaintiff Mary Povilaitis was a creditor of the defendant Stainis at the time of the transfer of his leasehold interest in said property, and that the transfer had been made with fraudulent intent: Queen-Favorite B. & L. Assn. v. Burnstein et al., 310 Pa. 219. We are now clearly of the opinion that the determination that Mary Povilaitis was a creditor of Stainis was improper.

The claim of the plaintiff Mary Povilaitis had not been reduced to judgment, and while section 1 of the Uniform Fraudulent Conveyance Act defines "creditor" as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent," the provisions of the act can only be deemed to apply to cases in which the indebtedness either has been

reduced to judgment or is undisputed. The plaintiff Mary Povilaitis, in effect, occupies the position of a creditor asserting a chose in action. If the said act is to be understood as applying to cases of this kind, it would be unconstitutional, as the effect of the chancellor's finding that the plaintiff was a creditor would be to deprive defendant of the right of trial by jury. The provision of article I, sec. 6, of the State Constitution, that: "Trial by jury shall be as heretofore, and the right thereof remain inviolate", was designed to secure the right of trial by jury in its accustomed form before the rights of the litigant shall be finally decided: Haines v. Levin, 51 Pa. 412; Premier Cereal & Beverage Co. v. Pennsylvania Alcohol Permit Board et al., 292 Pa. 127, 133. The purpose was to preserve the jury trial wherever the common law gave it: Van Swartow v. Commonwealth, 24 Pa. 131, 133; and, in cases in which the remedy of trial by jury was provided for by the common law at the time of the adoption of the Constitution, trial by jury must be preserved as an ultimate resort in all modifications of the remedy, otherwise the Constitution will be violated: Rhines v. Clark et al., Execs., 51 Pa. 96; Haines' Appeal, 73 Pa. 169. The legislature cannot confer upon a court of equity the power of trying according to the course of chancery any question which has always been triable by a jury: The North Pennsylvania Coal Co. v. Snowden, 42 Pa. 488; Spaulding et al. v. Basalyga et al., 29 Lack. Jur. 185.

Exceptions sustained and bill certified to the law side of the court.

From Frank P. Slattery, Wilkes-Barre, Pa.