# Lutz *v.* Matthews, Appellant.

*Trusts and trustees—Resulting trust—Deed—Presumption—Evidence.*

Where an owner of land conveys the same in payment of a debt, to a person named by the creditor, and the creditor takes from the grantee cash and a judgment note, no resulting trust in the land is created in the creditor by the transaction.

A resulting trust of such a nature rests upon presumption merely, and is not one juris et de jure, and is open to rebuttal. It may be rebutted by evidence which satisfactorily shows that it was not the intention of either party that the beneficial interest should be in the party paying; in other words, the presumption will be overcome by proof that it is at variance with the intention or understanding of the parties.

To establish a trust by parol the evidence must be full, clear and convincing. It is not enough that it satisfies a jury, it must also satisfy

the mind and conscience of the court sitting as a chancellor reviewing the testimony, and if it fails in this respect it must be withdrawn from the jury.

*Deed—Annulment—Cancellation—Rights of third parties.*

In general an estate once vested cannot be divested by mere annulment and cancellation of the deed. The cancellation is but the destruction of the evidence of the title, and not the annulment of the title itself. A fortiori it cannot extinguish rights of third persons that have accrued in the meantime.

*Deed—Recording—Notice.*

A deed not recorded within ninety days after its delivery may prevail against a later deed duly recorded, where the grantees are not purchasers for value, and have full notice of the former deed.

*Execution—Real estate—Possession—Possessory proceeding—Act of April 20, 1905, P. L. 239—Statutes—Appeal—Local legislation—Constitutional law.*

The Act of April 20, 1905, P. L. 239, relating to possessory proceedings to recover possession of real estate purchased at judicial sales, is a general act, and repeals the Act of May 13, 1871, P. L. 820, relating to Schuylkill county, and is not affected by sec. 8, art. III of the constitution, relative to the publication of notice of the intention to apply for the passage of a local or a special bill.

*Constitutional law—Title of statutes—Local legislation—Repeal.*

The repeal of previous acts on the same general subject is always germane to the title of the repealing act.

*Execution—Practice, C. P.—Possessory action—Act of April 20, 1905, P. L. 239.*

A petition under the Act of April 20, 1905, P. L. 239, for the recovery of real estate purchased at a sheriff's sale, must aver in what manner the person in possession went into possession, or that the manner of his obtaining possession was unknown to the petitioner. If, however, this is not averred, and the defendants appear, answer, make request for jury trial, and plead not guilty, they will be considered to have waived the defect in the petition, and cannot when the case is called for trial move the court to dismiss the petition on that ground.

Argued Dec. 3, 1907. Appeal, No. 20, Oct. T., 1907, by defendants, from judgment of C. P. Schuylkill Co., Jan. T., 1906, No. 187, on verdict for plaintiff in suit of S. O. Lutz v. Michael Matthews et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition under Act of April 20, 1905, P. L. 239, to recover possession of real estate purchased at sheriff's sale.   Before MARR, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff.   Defendants appealed.

*Error assigned* amongst others was in giving binding instructions for plaintiff.

*J. O. Ulrich* and *A. W. Schalck,* for appellants.—The repeal of a local act is itself a local act within the meaning of this section and requires publication of notice in the locality to be affected: Chalfant v. Edwards, 173 Pa. 246; Sugar Notch Borough, 192 Pa. 349.

The act of April 20, 1905, P. L. 239, is unconstitutional as far as the repeal of the local act is concerned, because it contains more than one subject and the subject of repeal of local legislation is not contained in the title, contrary to sec. 3 of art. III of the state constitution: Ruth's Appeal, 10 W. N. C. 498; Brown's Estate, 152 Pa. 401; Commonwealth v. Samuels, 163 Pa. 283.

The deed which Benjamin F. Southam executed in favor of Michael Matthews dated April 5, 1900, but never recorded, was fraudulent and void three months after its date against any subsequent purchaser from Southam for a valid consideration: Hetherington v. Clark, 30 Pa. 393; Fries v. Null, 154 Pa. 573; Berg v. Shipley, 1 Grant, 429; Cover v. Black, 1 Pa. 493; Davey v. Ruffell, 162 Pa. 443; Stewart v. Freeman, 22 Pa. 120; Lightner v. Mooney, 10 Watts, 407; Collins v. Aaron, 162 Pa. 539; Grevemeyer v. Ins. Co., 62 Pa. 340.

Southam occupied the disputed premises since 1902 and his possession was notice of his title, which he conveyed to Mucklow in 1905.   Such possession was notice to Lutz which he could not ignore: Sailor v. Hertzog, 4 Wharton, 259; Rowe v. Ream, 105 Pa. 543; Coleman v. Reynolds, 181 Pa. 317.

Mucklow paid the full consideration to Southam in 1900, when Southam executed a deed to Matthews, therefore,

Mucklow had the equitable title and Lutz had no rights higher than Mucklow: Reed's App., 13 Pa. 476; Miller v. Baker, 166 Pa. 414; Cadbury v. Duval, 5 Clark, 206; Britton's App., 45 Pa. 172.

*H. B. Graeff,* with him *R. J. Graeff,* for appellee, cited: Perkins v. Philadelphia, 156 Pa. 554; Com. v. Moir, 199 Pa. 534.

OPINION BY RICE, P. J., October 12, 1908:

This case arose in a proceeding by a purchaser at a sheriff's sale to obtain possession of the premises under the Act of April 20, 1905, P. L. 239. The case was tried before a jury and resulted in a verdict for the plaintiff directed by the court and judgment thereon. The questions raised by the assignments of error will appear as we proceed.

In April, 1900, Benjamin Southam was the owner of the land in dispute. Being indebted to the Messrs. Mucklow in the sum of $400 upon two promissory notes, he agreed by parol to turn over the property to them in discharge of that indebtedness and a credit of $100 on their books, and Matthews agreed with the Mucklows to take the property. These parol agreements were consummated by the execution, at the instance of the Mucklows, of a deed from Southam to Matthews and the delivery thereof, together with other title papers appertaining to the property, to him. Matthews thereupon paid to the Mucklows $50.00 on account of the purchase money, and for the balance, $450, gave them a judgment note which the Mucklows entered of record on July 20, 1900.

A short time after the delivery of the deed and the other title papers to Matthews, he took actual possession of the premises and occupied them for a year and a half or two years. Then he rented them to Southam, who went into possession and regularly paid the rent to Matthews until the latter part of July, 1905. The taxes on the land for the years 1900 to 1905 were assessed in the name of Matthews, the taxes for two of those years were paid by him, and he also paid to the Mucklows $33.00 on account of interest on the judgment he had given them.

We stop here to consider a legal question raised by one of the defendants' points. It is claimed that the consideration that moved directly to Southam was the discharge by the Mucklows of his indebtedness to them, and therefore a resulting trust arose in their favor. But it must be remembered that a trust of this nature rests upon presumption merely, and that this presumption is not one juris et de jure but of fact merely and open to rebuttal: Bispham's Equity (7th ed.), sec. 83. As was said in Zimmerman v. Barber, 176 Pa. 1, it may be rebutted by evidence which satisfactorily shows that it was not the intention of either party that the beneficial interest should be in the party paying; in other words, the presumption will be overcome by proof that it is at variance with the intention or understanding of the parties. It is to be remembered, further, that to establish a trust by parol the evidence must be full, clear and convincing. "It is not enough that it satisfies a jury, it must also satisfy the mind and conscience of the court sitting as a chancellor reviewing the testimony, and if it fails in this respect it must be withdrawn from the jury:" Olinger v. Shultz, 183 Pa. 469; Fidelity Insurance Trust and Safe Deposit Co. v. Moore, 194 Pa. 617. The irresistible conclusion from the testimony is that no trust was intended, but that what was contemplated in the execution and delivery of the deed directly from Southam to Matthews is precisely what would have occurred so far as the question of title is concerned, if Southam had deeded the land to the Mucklows, and they, at once, had deeded it to Matthews.

Resuming the statement of the facts, on July 24, 1905, the lien of the Mucklows judgment having expired, Lutz and Scherer, creditors of Matthews, obtained from him a judgment note for the amount of their debt, containing a waiver of inquisition and a confession of condemnation of real estate, which they entered of record on the following day. At this time, it must be borne in mind, the absolute title to the premises was in Matthews as above shown, and nothing had occurred to dissolve or suspend the relation of landlord and tenant between him and Southam. The fact that in the early part of July, prior to the giving of this note, Matthews had expressed his inability to pay the balance of the purchase money note given to the

Mucklows, and had placed his deed and other title papers in their hands to enable them to negotiate a sale of the land, does not militate against the foregoing conclusion..

On August 1, 1905, the above-stated conditions being unchanged, and the Mucklows having actual knowledge of the existence of the deed from Southam to Matthews as well as of the judgment in favor of Lutz and Scherer, Southam and his wife executed and delivered a deed for the premises to the Mucklows. At the same time a lease from the Mucklows to Southam was executed by the parties. After the execution and delivery of this deed from Southam to the Mucklows, Matthews, in the presence of William Mucklow and Southam, burned his deed.

The next legal question to be considered is, what was the legal effect of these acts. In general, an estate once vested cannot be divested by mere annulment and cancellation of the deed; the cancellation is but the destruction of the evidence of the title, not the annulment of the title itself: Tate v. Clement, 176 Pa. 550. A fortiori, it cannot extinguish rights of third persons that have accrued in the meantime. Therefore the burning of the deed by Matthews, even if it was done with the approval of Southam and the Mucklows, had no effect upon his title or the lien of the Lutz and Scherer judgment. It is argued that the deed from Southam to Matthews, not having been recorded within ninety days after its delivery, cannot prevail against the later deed from Southam to the Mucklows, which was duly put on record. But the grantees in the later deed were not purchasers for value without notice. As was said in the last cited case, so it may be said here, it is doubtful if in equity they could be treated as anything more than volunteers, but in any case they took with actual notice of the conveyance to Matthews, and of the title thereby vested in him, and therefore with notice that their grantor, as against the prior conveyance, had no title to convey. It follows that the title was still in Matthews on August 7, 1905, when Lutz and Scherer issued a fi. fa. upon their judgment and levied upon the land; that it passed to Lutz, the purchaser at the sheriff's sale thereunder, upon the execution, acknowledgment and delivery to him of the sheriff's deed; and that he was entitled to possession of the land in De-

cember, 1905, when he instituted these proceedings under the act of April 20, 1905, to recover possession.

This brings us to the questions of procedure. As its title indicates, the act of 1905 is a general and comprehensive statute providing for and defining the rights, remedies, duties and liabilities of purchasers of real estate at judicial sales, and of their grantees, heirs and devisees, and of the persons then in possession thereof. It contains nineteen sections, the last of which expressly repeals several cited acts and amongst them the Schuylkill county Act of May 13, 1871, P. L. 820, relating to the same subject, and concludes with a repeal of "all other acts, and parts of acts thereof, general, special or local, inconsistent herewith." It is claimed that this express repeal of the local act was ineffectual: first, because the provision of sec. 8, art. III of the constitution, relative to the publication of notice of the intention to apply for the passage of a local or special bill, was not complied with; secondly, because the subject of the repeal of local legislation is not expressed in the title. In support of the first proposition counsel cite Chalfant v. Edwards, 173 Pa. 246. The point decided in that case was that an act merely repealing a local law is itself a local law within the meaning of sec. 8, art. III of the constitution, particularly if the object of the repealing act is not to make way for a general law, but another local one. But this case is not authority for the proposition that a law, which by implication or express terms is intended to operate throughout the state and to supersede all inconsistent legislation, is a local or special law within the meaning of that section. Such a law is none the less a general law because it removes the barriers which would prevent its operation in particular localities. It is therefore not within the constitutional provision above mentioned. As a complete answer to the second proposition it is sufficient to quote the ruling of the Supreme Court in Commonwealth v. Moir, 199 Pa. 534, as thus expressed by the present chief justice: "It is further said that the act has more than one subject and one not expressed in the title. This is based on the last section of the schedule, which is a repealing clause. It is enough to say at present that the repeal of previous acts on the same general subject is always germane to the title. Usually the re-

pealing clause is only declaratory of what would be the legal effect without it, but it is useful as preventing doubt upon the legislative intent.".

The petition by which the proceedings were instituted is in conformity to the requirements of the act except in a particular about to be considered. One of these requirements is that the petition shall set forth: "That the persons in possession are the defendants as whose property said real estate was sold or that such named persons came into possession mediately or immediately through a right or title derived from such defendants, or some of them, in a manner set forth, or an averment that the manner of their obtaining possession is unknown to the petitioner." The petition after averring, inter alia, that the premises were levied upon by the sheriff as and for the property of Matthews, with notice to Southam and the Mucklows, sets forth: "that the said Micheal Matthews as whose property the said real estate was sold, was the owner thereof at the time of the said sale; that the said Benjamin Southam was in possession of the said real estate at the time of the said sale and is now in possession thereof; and that the said William H. Mucklow and T. F. Mucklow now claim to be the owners of the said real estate. That notice of the claim of title to the said real estate was served by the said William H. Mucklow and T. F. Mucklow on the sheriff, at the sheriff's sale of the same." While as matter of fact Southam went into possession as tenant of Matthews, and while under the evidence the plaintiff was entitled to pursue the remedy given by the act, yet, it must be conceded, the petition is defective in not distinctly averring in what manner Southam went into possession or that the manner of his obtaining possession was unknown to the petitioner. See sec. 1, clause (b). If this objection had been raised in the first instance the petition could have been amended under sec. 18 of the act; and it may be noticed, although we do not regard this as affecting the case on appeal, that an offer was made to amend it on the trial, before the plaintiff rested his case. But the objection was not raised in the first instance. On the contrary, the four defendants, Matthews, Southam and the Mucklows, having been duly cited, appeared and filed an answer admitting some of

the allegations of the petition, denying others and setting forth
a brief of the title under which the Mucklows claimed to be the
owners of fee. As they were given a right to do by sec. 5,
they concluded their petition with a prayer for "a jury trial of
the issues of fact herein raised." Later, pursuant to this re-
quest, the court "ordered that a jury trial shall be had upon the
pleadings as filed." Still later, the defendants pleaded "not
guilty." Six months after this plea was entered and just as the
jury were about to be sworn, the defendants raised the objec-
tion to the petition now under consideration, and moved the
court to dismiss the petition and proceedings, it being then for
the first time claimed by them that the plaintiff's sole remedy
was by an action of ejectment. The refusal of this motion is
the subject of the first assignment of error. It is to be ob-
served that every person who claimed any title or right of
possession was a party to the issues tried by the jury. The trial
was awarded at the defendants' request, and the issues of fact
for the determination of which they requested the trial were
tried in the same court and in the same manner as they would
have been in a trial of an action of ejectment. The plaintiff
acquired no advantage and the defendants were subjected to no
disadvantage in respect of the admission or rejection of evidence
or of the burden of proof. Under the circumstances the defend-
ants must be deemed, by their appearance, answer, request for
jury trial and plea, to have waived the defect in the petition,
and to have submitted themselves to the jurisdiction of the
court to try the issues of fact precisely as they were tried, and,
as already stated, they were not prejudiced in any substantial
right thereby.

In conclusion, the plaintiff was entitled to recover the posses-
sion, and there was no error in the proceedings whereby recovery
was awarded to him, which justifies a reversal of the judgment.
All the assignments of error are overruled.

The judgment is affirmed.