## Knecht v. Reichard, Appellant.

*Deeds—Revocation—Trusts and trustees—Resulting trust—Husband and wife.*

The evidence to establish a resulting trust must be clear, precise, convincing and satisfactory. It is not enough that it satisfies the jury. It must also satisfy the mind and conscience of the court as a chancellor sitting and reviewing the testimony and if the evidence fails to satisfy in this respect, the evidence must be withdrawn from the jury.

In a proceeding by a purchaser of real estate at a sheriff's sale to recover possession under the Act of April 20, 1905, P. L. 239, the person in possession who was the husband of the defendant in the execution, prayed a jury trial, and at the trial testified that the property had been bought with his own money, but that he was induced by the nagging of his wife to put the property in her name so "that she should have a home if anything should happen to him," and that they might, as they thought, evade the payment of the

collateral inheritance tax.  He offered no testimony .however, to show any understanding that the deed should not convey the absolute title to the wife, or that there were any conditions or trust imposed upon her in the title acquired by her.  It appeared that the deed was delivered to the husband and that he retained it until his wife deserted him and took it. with her.  It also appeared that he had put the deed on record.  *Held,* (1) that the evidence was insufficient to sustain a resulting trust in favor of the husband; (2) that the husband after having secured a jury trial could not, after decision adverse to him, claim that he was not compelled to submit to a trial under the act.

Argued Dec. 8, 1914.  Appeal, No. 74, Oct. T., 1914, by defendant, from judgment of C. P. Northampton Co., Nov. T., 1912, No. 16, on verdict for plaintiff in case of Evan Knecht v. David S. Reichard, et al.  Before Rice, P. J., Orlady, Head, Henderson, Kephart and Trexler, JJ.  Affirmed.

Issue to determine title to real estate.

The facts are stated in the opinion of the Superior Court.

3. Under the law and the evidence, the verdict must be in favor of the plaintiff.  (Answer) I affirm the third point of the plaintiff.  (1)

4. The defendant's evidence fails to reach the standard required to show a resulting trust in David S. Reichard in the premises, the possession to which is in dispute.  Answer I affirm the fourth point of the plaintiff.  (2)

Defendant presented these points:

1. Under all the evidence the verdict must be for the defendant, David S. Reichard.  (Answer) The first point of the defendant is denied and not read.  (3)

2. The plaintiff having failed to submit any evidence, or any sufficient evidence, that David S. Reichard, the defendant, and the person in possession of the premises in question, came into possession mediately or immediately through a right or title derived from the defendant as whose property. said real estate was sold,

273, (1915).]      Verdict—Opinion of the Court.

the plaintiff in this action is not entitled to recover and the verdict must be for the defendant, David S. Reichard.   (Answer)  The second point is denied and not read.   (4)

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1-4) above instructions quoting them.

*Harry C. Cope,* for appellant.—Delivery of a deed is a question of fact:  Cummings v. Glass, 162 Pa. 241; Benedick v. Benedick, 187 Pa. 351;  Long v. McHenry, 45 Superior Ct. 530.

No matter what the form of the instrument, if the intent was to provide for the wife in the event of defendant's death, it must be held to be testamentary, and not the vesting of a present interest in her.

Such intent need not be expressed in the instrument itself, but may be shown by proper parol testimony:  Kisecker's Est., 190 Pa. 476;  Patterson v. English, 71 Pa. 454;  Sweitzer's App., 71 Pa. 264;  Coulter v. Shelmadine, 204 Pa. 120;  Benedick v. Benedick, 187 Pa. 351.

*C. F. Smith,* of *Smith, Paff & Laub,* with him *Thomas D. Danner,* for appellee, cited:  Turner v. Warren, 160 Pa. 336;  Ernest's App., 106 Pa. 310;  Robert's App., 85 Pa. 84.

OPINION BY TREXLER, J., July 21, 1915:

The purchaser of the property at sheriff's sale brought his action to recover possession under the Act of April 20, 1905, P. L. 239.

In his petition he sets forth the facts in regard to his acquisition of the property and that the defendant is in possession, as husband of the defendant in the execution by virtue of which the property was sold.  In the answer the husband states that he does not claim possession as

husband of the defendant in the execution, but that he, as her husband was in bad health and was "being tormented, worried and nagged" by his wife and had the deed put in his wife's name to hold the legal title for him, and thus there was created a resulting trust in his favor. He alleges the subsequent desertion of the wife. He denies the jurisdiction of the court, but prays a jury trial as to the various issues of facts raised in the petition and answer. The demand for jury trial placed the matter before the trial court upon one issue, and one alone and that was whether under the facts, the deed given to the wife passed the entire title to her, or whether there was a resulting trust in her husband, the appellant. At the trial the court held that the evidence to show a resulting trust was insufficient, and directed the jury to find for the plaintiff. In this, the learned trial judge was clearly within his rights and considering the testimony, we cannot see how he could have come to any other conclusion. As stated in Olinger v. Shultz, et al., 183 Pa. 469, the evidence to establish a resulting trust must be clear, precise, convincing and satisfactory. It is not enough that it satisfies the jury, it must also satisfy the mind and conscience of the court as a chancellor sitting and reviewing the testimony, and if the evidence fails to satisfy in this respect, the evidence must be withdrawn from the jury: Haupt v. Unger, 222 Pa. 439; Dollar Saving Fund and Trust Co. v. Union Trust Co. 223 Pa. 286; Lutz v. Matthews, 37 Pa. Superior Ct. 354; Earnest's App., 106 Pa. 310.

The story is, that the appellant was induced by his wife, by persistent persuasion, "nagging" as he calls it, to make the deed for the property (about to be purchased with his money) in her name, "so that she might get a home," "that she should have a home, if anything should happen to him," and that they might, as they thought, evade the payment of the collateral inheritance tax. These were the reasons that induced the giving of the deed to the wife, but there is not a word in the testi-

mony which shows any understanding between the parties that the deed should not convey the absolute title to the wife, or that there were any conditions or trust imposed upon her in the title acquired by her; as the court below said, "the man gave the property to his wife, he paid for it, he paid the taxes, and he made the repairs, and he wants now the court and the jury to give him his property back because there is a desertion." Some point is tried to be made that the deed was delivered to the husband and retained by him, but we can see nothing in this position. He took the deed from the grantors therein, in which deed by his direction, the wife's name appeared as grantee, and put it on record, thus giving notice to every one that it was her property. He retained possession of the paper during the time they lived together, when she left him, she took it with her.

The defendant in his answer denied the jurisdiction of the court and at the same time asked for a jury trial.

Having had his day in court and the conclusion drawn from the facts as they appeared at the trial being adverse to him, he cannot with fairness now raise a merely technical objection. It appears that the Act of 1905, P. L., 239, Section 5, does allow parties claiming by a right in title other than that set forth in the petition to aver such right with particularity in the answer and to have the facts submitted to a jury and irrespective of the fact whether the resulting trust is claimed under the title of the defendant in the execution or not, the appellant having chosen his forum, cannot now question the right of the court to determine the matter, even if he might in the first place, have argued with some force that he could not be compelled to submit to a trial under the act. His demand for a jury trial brought him within the express provision of the act.

We see no force in any of the assignments of error, they are overruled and the judgment is affirmed. Appellant for costs.