## Storke, Appellant, v. Wayne Brewing Co.

*Equity—Bill for an accounting—Payment of part of purchase price of real estate—Resulting trust.*

Where part of the purchase price of certain real estate is alleged to have been paid by one party, and conveyance made to another, the presumption that the latter holds the title in trust for the former is not conclusive, and any circumstance that explains its character is admissible.

In an action to compel an accounting for the rents and profits of such real estate, where the plaintiff averred that he contributed to part of the purchase price and was therefore entitled to a share in the profits, the bill is properly dismissed where the evidence

334    STORKE, Appel., *v.* WAYNE BREWING CO.

Syllabus—Arguments. [83 Pa. Superior Ct.
shows a course of conduct on the part of the plaintiff which is inconsistent with his claim, and which will justify the conclusion that there was no resulting trust.

A resulting trust does not arise from the mere contribution of money toward the purchase price of real estate, regardless of the intention of the parties and the circumstances existing at the time.

Argued April 15, 1922.   Appeal, No. 54, April T., 1924, by plaintiff, from decree of C. P. Erie Co., Nov. T., 1920, No. 5, sitting in equity, dismissing bill for an accounting in the case of John W. Storke v. Wayne Brewing Company and Walter W. Ginrich.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Bill in equity to compel an accounting.   Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill.   Plaintiff appealed.

*Error assigned* was, among others, the decree of the court.

*S. Y. Rossiter,* for appellant.—The evidence established a resulting trust in favor of the plaintiff: Galbraith v. Galbraith, 190 Pa. 227; Casciola v. Donatelli, 218 Pa. 624; Froemke v. March, 259 Ill. 144, 102 N. E. 192; Lynch v. Cox, 23 Pa. 268; Edwards v. Edwards, 39 Pa. 377; DeRoboam v. Schmidtlin, 50 Ore. 399, 92 Pac. 1082; Harris v. Elliott, 49 W. Va. 245, 32 S. E. 176.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellee.—A resulting trust does not arise from the mere contribution of money toward the purchase price of real estate, regardless of the intention of the parties and the circumstances existing at the time: Ott v. Duffey, 246 Pa. 211; Beringer v. Lutz, 179 Pa. 1; Gilchrist, Guardian, v. Brown et al., 165 Pa. 275; Moyer v. Moyer,

10 Sadler 426; Light v. Zeller, 144 Pa. 582; Crawford v. Thompson, 142 Pa. 551; McCormick v. Cooke, 199 Pa. 631.

Oral testimony to establish a resulting trust must be clear, explicit and unequivocal: Jackson's App., 8 Atlantic 870 (Pa.); Serfass v. Serfass, 14 Pa. County Ct. 97; Hoover v. Hoover, 129 Pa. 201; Crouse v. Crouse, 7 Culp 363; Cornman's Est., 197 Pa. 125; Olinger v. Schultz, 183 Pa. 469.

PER CURIAM, July 2, 1924:

The plaintiff brought this bill in equity praying that the defendant be ordered to account for the rents, issues, and profits of certain real estate. The court dismissed the bill. The plaintiff had been running a restaurant in the City of Erie, the lease for the premises was about to expire and negotiations were opened with the owner for its purchase by the Wayne Brewing Company, the price asked being $26,000. The Brewing Company was willing to pay $25,000 and no more and the appellee contends that the plaintiff, in order that the sale might not fail and that he might continue his occupancy of the premises furnished $1,000. Appellant alleges that he had an interest in the land by reason of this $1,000 and that there was resultant trust in his favor for the one-twenty-sixth part of the property. He made no claim to his share of the property for the period of six years. He entered into a lease with the Brewing Company in which he acknowledged its title; he paid no attention to the payment of any taxes, nor was there any recognition of his part ownership in fixing the rent; he applied for a license in which he set forth that the Brewing Company was the owner of the premises, and after the enactment of the 18th Amendment he, without protest, surrendered the premises to the vendee of the Brewing Company.

The question before us is whether the $1,000 contributed by the appellant was to secure an interest in the

property or to further some other purpose. A number of cases are cited by the appellant in support of the well established proposition that proof of the payment of the purchase money raises the presumption of a trust in favor of the one who advances the money. The trust arises the instant the title is acquired, but the acts of the parties thereafter throw light upon the question whether such trust arose. The plaintiff's course of conduct subsequent to the purchase of the property was inconsistent with the position he now assumes. A person having an interest in a property would not, in the usual course, act as he did. His conduct takes from his version of the affair the clear, precise and unequivocal character required in such cases: Artz v. Meister, 278 Pa. 583; Rambo v. Pile, 220 Pa. 235. Where the consideration is paid by one and the conveyance of land is made to another the presumption that the latter holds the title in trust of the former is not conclusive, and any circumstance that explains its character is admissible: Zimmerman v. Barber, 176 Pa. 1; Lutz v. Matthews, 37 Pa. Superior Ct. 354; Knecht v. Reichard, 60 Pa. Superior Ct. 273. The trouble with plaintiff's case is as to the sufficiency of the evidence to satisfy the mind and conscience of the lower court sitting as chancellor that a trust existed. It is true that according to his version he has contributed $1,000 to purchase this property, but the evidence submitted and the circumstances surrounding the transaction justify the conclusion of the learned court that there was no resulting trust. On the face of things if the Brewing Company was not willing to pay $26,000 for the property in its entirety, it does not stand to reason that it would pay $25,000 for 25-26th of the property and take it with the obligation to account to a third party for a share of the premises. If there is any presumption arising in favor of the plaintiff from the payment of the $1,000, it is overcome by evidence which is convincing that it was not the intention that a bene-

ficial interest in the property should be given to the plaintiff, but that he paid the $1,000 to assure his continued tenancy of the property.

The assignments of error are overruled and the decree of the lower court is affirmed. Appellant to pay the costs.