## Miller et al., Appellant, *v.* Baker.

*Husband and wife—Deed—Resulting trust—Possession of wife—Notice of trust—Act of April 22, 1856, § 6.*

Where a deed for land purchased by a wife and paid for with her money, is made by mistake to her husband, who recognizes her title, no resulting trust arises which must be enforced by the wife against the husband within five years, under the act of April 22, 1856, § 6, P. L. 533.

In such case, the possession by the husband and wife of the wife's land is referable to her title and the marital relation, and his occupancy of it results from and accords with his relation to the owner, and it is not in any sense adverse to hers, nor, as between them, will the mere continuance of such occupancy for any space of time operate in equity or by force of any statute as an extinguishment or bar to the assertion of her title.

Purchasers of such property at a sheriff's sale under a judgment against the husband with notice of the wife's equity take no title as against the wife.

*Evidence—Ejectment—Declarations—Assessment.*

In an action of ejectment by purchasers at a sheriff's sale under a judgment against a husband, where the husband is the defendant claiming possession under a title he alleges to be that of his wife, it is proper to admit evidence of acts and declarations of the husband against interest, although not made in the presence of his wife. In such a case it is also proper to permit the plaintiff to show that the property was assessed in the name of the husband.

Argued Oct. 17, 1893. Appeal, No. 156, Oct. T., 1893, by plaintiffs, James M. Miller and Theodore Hawkins, from judgment of C. P. Washington Co., Nov. T., 1891, No. 7, on verdict for defendant, William J. Baker. Before Green, Williams, McCollum, Mitchell, Dean and Thompson, JJ.

Ejectment. Before Stowe, P. J., 5th district, specially presiding.

At the trial, it appeared that plaintiffs claimed title as purchasers at a sheriff's sale under a judgment against defendant. Defendant claimed that he was entitled to possession in right of his wife; that the property had been purchased with his wife's money, and that the deed had been made by the vendors to him through a mistake.

Defendant was asked under cross-examination: "Were you not in this town in the latter part of 1890 endeavoring to bor-

row money on the strength of your title to this land—to that Young land and to the McKee land?" Objected to as incompetent. Objection sustained and bill sealed. [1]

Plaintiff's offer to prove that prior to 1891 the land had been assessed to defendant was refused. [2]

Plaintiff offered to prove declarations by defendant that he held a clear title to the land. Objected to unless the evidence connects Mrs. Baker with the transaction. Objection sustained and bill sealed. [3–5]

Theodore Hawkins, one of plaintiffs, was asked: "Q. Before you lent William J. Baker any money, did you have his title examined? A. Yes, sir." Objected to as incompetent and irrelevant; objection sustained and bill sealed. [6]

The same witness was asked: "Q. Did you lend him the money evidenced by these judgments on the faith of advice that you got with reference to the validity of Baker's title? A. Yes, sir." Objected to as incompetent; objection sustained and bill sealed for plaintiffs, and answer stricken out. [7]

Defendant asked leave to read in evidence exhibit A, being a paper given to Mr. Fordyce, a surveyor, as testified to by Mrs. Baker, showing the courses and distances of a tract of 134 acres adjudged to her in partition proceedings in her father's estate, which she sold, and the money from which constituted part of the purchase money of the land here in controversy. The reading of the Fordyce paper is objected to because it contains no evidence with regard to this matter one way or the other; has no date and is in no respect evidence. Objection overruled, bill sealed, and paper read in evidence. [8]

Defendant's points were among others as follows:

"1. If the jury find that Joanna Baker, the wife of the defendant, was the owner of the moneys with which the land in controversy was purchased from John A. Young and Henry McKee; that the purchases from Young and McKee were made with said moneys for her, and on her account, and the titles were to have been taken in her name, but by mistake were conveyed to William J. Baker, and the mistake was not discovered until after delivery of the respective deeds made by Young and McKee; and that the moneys, in consideration of which such conveyances were made, belonging to her as aforesaid, were furnished by her for the purpose of paying the consideration of

said conveyances, and were so applied and thus went into the land at the time said conveyances were made, then a trust arose in favor of Joanna Baker; and in such case, as the plaintiffs admit that they purchased with notice of her claim of equitable ownership, and it is undisputed that she and her family have been in possession of the lands, purchased from Young and Mc-Kee as aforesaid, since at or about the dates of such purchases respectively, the verdict must be for the defendant." Affirmed. [9]

" 2. If the jury find that Joanna Baker, wife of the defendant, was the owner of a tract of 134 acres in Dunkard township, Greene county; that she and her husband sold and conveyed said land to John Dowlin for a consideration exceeding $6,000; that $6,000 of the purchase money so received from Dowlin was, by direction of Joanna Baker, invested for her use and benefit in government bonds, with which bonds the whole of the purchase money of the tract conveyed to William J. Baker by the deed of John A. Young and wife, in evidence, was paid at the time of the delivery of said deed, such payment being made by direction of said Joanna Baker, and for her account, and with the intention on her part, and on the part of her said husband, that she should become the owner of said land, and that she thereupon went into possession of said land and has since resided on it with her husband, then, notwithstanding the fact that the legal title to said tract was conveyed by Young and wife to William J. Baker, said Joanna Baker thereupon became the equitable and beneficial owner of said land, and the verdict must be for the defendant as to it." Affirmed. [10]

" 3. If the jury find that in the summer of 1865 Joanna Baker received upwards of $6,000, being the purchase money of a tract of land conveyed by herself and her husband, William J. Baker, to John Dowlin, and that she was the owner of the money so received by her; that with said money, or with government bonds in which she had caused it to be invested for her use, she purchased and paid for the tract of land described in the deed of John A. Young and wife, in evidence in this case, making such payment at the time when said deed was delivered; that by mistake or accident said deed was made to her husband instead of to herself, and that since a few days after the delivery of said deed she has resided upon and has been in

possession of said tract of land last mentioned, occupying it with her husband, these facts established an equitable ownership in her and the verdict as to said land must be for the defendant." Affirmed. [11]

"4. If the jury find that the tract described in the deed of Henry McKee and wife, in evidence in this case, was purchased from said McKee by Joanna Baker and paid for by her, at the time of the delivery of said deed, with money and property that belonged to her as her own proper estate, and that there-upon she took possession of said land and has since been in the possession and enjoyment thereof; and that the said deed was made to her husband instead of to herself by mistake or accident,—these facts established an equitable ownership in her, and the verdict as to said land must be for the defendant." Affirmed. [12]

Plaintiff's points were among others as follows:

"2. The evidence to sustain a resulting trust in favor of Mrs. Joanna Baker in the land conveyed to Wm. J. Baker by John A. Young and Henry McKee must be clear, unequivocal and convincing; and as the evidence adduced by the defendant to sustain the alleged resulting trust in this case is not of the character thus indicated, the verdict of the jury must be for the plaintiffs." Refused. [14]

"3. If it be true that the money of Mrs. Joanna Baker was used by her husband to pay for the land Young and McKee conveyed to him, and so used in each case upon the understanding and agreement with his wife that the titles were to be made to her, the taking of title in his own name was a fraud upon her; and as the fraud was discovered by her within six months or a year after the making of the respective deeds by Young and McKee to her husband, the assertion of title in her now, after the lapse of more than twenty-five years in the Young case and of more than twenty years in the McKee case, is barred by the five years limitation in the 6th section of the act of April 22, 1856, and the verdict must be for the plaintiffs." Refused. [13]

4. Request for binding instructions. Refused. [15]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (1–8) rulings on evidence; (9–15) in-

structions; quoting instructions and bills of exceptions and evidence.

*H. M. Dougan, McCrackens & McGiffin* with him, for appellants, cited: Weidman v. Kohr, 4 S. & R. 173; Brown v. Bank, 3 Pa. 187; Heister v. Laird, 1 W. & S. 245; Cummings v. Cummings, 5 W. & S. 554; Curry v. Bott, 53 Pa. 403; Greber v. Kleckner, 2 Pa. 293; R. R. v. Alvord, 128 Pa. 47; Act of April 22, 1856, P. L. 532; Christy v. Sill, 95 Pa. 380; Strimpfler v. Roberts, 18 Pa. 283; Bonny v. Ridgard, 4 Bro. C. C. 138; Beckford v. Wade, 17 Vesey, 97; Church v. Ruland, 64 Pa. 441; Reno v. Moss, 120 Pa. 66; National Bank v. Hartman, 147 Pa. 562; Stecker v. Shimer, 5 Whart. 459; Steckel v. Koons, 102 Pa. 493; Lowry v. McMillan, 8 Pa. 157; Clark v. Depew, 25 Pa. 515; Cochran v. Sanderson, 151 Pa. 591; Fisher v. King, 153 Pa. 3; Honesdale Glass Co. v. Storms, 125 Pa. 268; Hartley's Ap., 103 Pa. 23; Sower v. Weaver, 78 Pa. 448; R. R. v. Knowles, 117 Pa. 82; Act of June 16, 1836, P. L. 789.

*Boyd Crumrine, J. M. Garrison, Jas. I. Brownson, Jr., E. E. Crumrine* with him, for appellee, cited: As to possession and title by husband and wife: McElfatrick v. Hicks, 21 Pa. 402; Johnson v. Fullerton, 44 Pa. 466; Curry v. Bott, 53 Pa. 400; Lewis v. Brewster, 57 Pa. 410; Larkin v. McMullin, 49 Pa. 29.

As to admissibility of declarations: Light v. Zeller (1), 144 Pa. 574; Light v. Zeller (2), 144 Pa. 606; Ankrim v. Woodward, 4 Rawle, 345; Pierce v. McKeehan, 3 Pa. 138; Riddle v. Dixon, 2 Pa. 372; McIldowny v. Williams, 28 Pa. 492; Musser v. Gardner, 66 Pa. 242; 1 Greenl. Ev. §§ 109, 462; 2 Whart. Ev. §§ 1156–1169; Alden v. Grove, 18 Pa. 377; Brindle v. McIlvaine, 10 S. & R. 282; Kellogg v. Krauser, 14 S. & R. 137; 1 Lead. C. in Eq. W. & T. 335; 2 Lead. C. in Eq. W. & T. 964; Grabill v. Moyer, 45 Pa. 530; Harrisburg v. Tyler, 3 W. & S. 373; Fox v. Lyon, 27 Pa. 16; Wylie v. Mansley, 132 Pa. 65; Young's Est., 137 Pa. 433; Crawford v. Thompson, 142 Pa. 551; Wall v. Staley, 91 Pa. 29; Cummings v. Cummings, 5 W. & S. 554; Walden v. Finch, 70 Pa. 460; Rothrock v. Gallaher, 91 Pa. 108; Farmers' Ins. Co. v. Bair, 87 Pa. 124; Hildeburn v. Curran, 65

Pa. 59 ; Martin v. Rutt, 127 Pa. 380 ; Bradford City v. Downs, 126 Pa. 623 ; Hay v. Martin, 2 Mona. 526.

As to act of April 22, 1856, P. L. 533 : Maffit v. Rynd, 69 Pa. 380 ; Everhart's Ap., 106 Pa. 349 ; Hess's Ap., 112 Pa. 168 ; Clark v. Trindle, 52 Pa. 492 ; Williard v. Williard, 56 Pa. 119 ; McLaughlin v. Fulton, 104 Pa. 161 ; Smith v. Tome, 68 Pa. 158 ; Black's Est., 18 W. N. 455 ; Henderson v. Maclay, 5 Cent. R. 225 ; Brown v. Carey, 149 Pa. 134 ; Armstrong v. Levan, 109 Pa. 177 ; Bergey's Ap., 60 Pa. 408 ; Christy v. Sill, 95 Pa. 380 ; Bonny v. Ridgard, 4 Bro. C. C. 138 ; Beckford v. Wade, 47 Ves. 97 ; Strimpfler v. Roberts, 18 Pa. 283 ; Richards v. Elwell, 48 Pa. 361 ; Irwin v. Cooper, 92 Pa. 298 ; McBarron v. Glass, 30 Pa. 133 ; Glass v. Gilbert, 58 Pa. 287 ; Brock v. Savage, 31 Pa. 421.

OPINION BY MR. JUSTICE McCOLLUM, March 12, 1894:

The appellants in this case claim possession of the land in dispute by virtue of their purchase of it at a sheriff's sale upon a judgment against the appellee, and the latter rests his defence to the action on his wife's title. It appears that the legal title to the land was in the appellee prior to 1891, when he conveyed it to his wife. He alleges that the land was purchased by his wife and that she paid for it from her separate estate, but that through the inadvertence of the grantors the deeds for it were made to him, and that neither he nor his wife discovered the mistake until sometime after the deeds were recorded. He also alleges that when the mistake came to their knowledge his wife urged him to have it corrected, and that for a long time he failed to do so, principally because he believed, and so assured her, that her right to the land was not affected by it. We are satisfied from our examination of the testimony submitted by the appellee in relation to these and other matters that the case was for the jury, and that the learned court below did not err in refusing to affirm the plaintiffs' second, third and fourth points. The evidence if credited was sufficient to establish a resulting trust, and it showed a situation which prevented the five years' limitation prescribed by the 6th section of the act of April 22, 1856, from running against the cestui que trust in favor of the trustee. The husband's continued recognition of his wife's title to the land rendered her posses-

sion of it as complete and effectual against him as if the deeds had been made directly to her.  It is well settled that the limitation referred to does not run against a cestui que trust in possession : Clark v. Trindle, 52 Pa. 492 ; Williard v. Williard, 56 Pa. 119 ; Douglass v. Lucas, 63 Pa. 9 ; Smith v. Tome, 68 Pa. 158 ; McNinch v. Trego, 73 Pa. 52 ; McLaughlin v. Fulton, 104 Pa. 161.  The possession by a husband and wife of the wife's land is referable to her title and the marital relation. His occupancy of it results from and accords with his relation to the owner, and it is not in any sense adverse to hers, nor, as between them, will the mere continuance of such occupancy for any space of time operate in equity or by force of any statute as an extinguishment or bar to the assertion of her title. In such case her possession is the dominating one and as against him will protect her, although through his inattention and the mistakes of her vendors he is clothed with the bare legal title to the property.  In other words, in a situation such as we are considering, her possession is sufficient to prevent the limitation from running in his favor.  If after the deeds were recorded and before the conveyance to her of the title acquired by them, he had sold the land to a bona fide purchaser, the latter would have taken a title unaffected by the trust.  But the appellants are not such purchasers.  They bought at a sheriff's sale upon a judgment against the husband and with notice of the wife's equity.  They have therefore his title only, and that, as we have seen, cannot prevail against her.

In the affirmance of the defendant's points we discover no error.  They were drawn with reference to the evidence in the case and based upon a finding of facts by the jury in accordance with his contention.  If the facts were found to be as claimed by him, the legal conclusions deducible from them were correctly stated in the points.  The appellants' criticism of the points is ingenious and plausible, but without substantial merit.  In their printed argument they admit that " they had the notice which was read at the sheriff's sale," and certainly that was as distinct notice of the wife's claim of equitable ownership as could well be given.  It was to this notice that the language of the defendant's first point plainly applied, as there was neither evidence nor claim that the appellants had received any other notice of the wife's equitable title.

We think that the learned court below erred in rejecting the appellants' offer to prove acts and declarations of the appellee, inconsistent with his testimony. He was the sole defendant and an important witness in the cause. His testimony was in support of a title, which, if established, would defeat their claim. It seems that the offers were overruled on the ground that they did not propose to show his acts and declarations in the presence of his wife. But it is obvious that the purpose of the offers was to discredit him as a witness by showing that his previous actions and statements were antagonistic to his testimony. It was clearly competent for the appellants to introduce evidence of this character, and it was material for them to do so, because, by destroying his credibility as a witness, they impaired the strength of his defence. We think also that it was error to strike out evidence that previous to 1891 the property was assessed to him. The assessment was a fact to be considered in connection with his testimony that his wife owned the property.

The learned counsel for the appellee suggests that a proper foundation was not laid for the introduction of evidence to contradict him. But the record shows that the appellants attempted to cross-examine him in relation to alleged acts and declarations inconsistent with his testimony, and that they were not permitted to do so. This attempt was plainly made with the view of obtaining from him an admission or denial of such acts and declarations. The proposed cross-examination was therefore pertinent and should have been allowed. The offers to prove these matters by other persons were not objected to or rejected on the ground now suggested as a basis for their exclusion. It is plain enough that the appellants sought and were denied an opportunity to introduce these matters to discredit the appellee as a witness, and it is equally plain that they were not permitted to do so.

We are not satisfied that any error was committed in the rulings complained of in the 6th, 7th and 8th specifications.

In accordance with the foregoing views, we sustain the 1st, 2d, 3d, 4th and 5th specifications of error, and overrule the remaining specifications.

Judgment reversed and venire facias de novo awarded.