## Frazier, Appellant, *v.* Foreman.

*Trusts and trustees—Trust by mother for children—Equity—Following trust fund—Husband and wife—Curtesy—Evidence—Declaration against interest.*

1. Where a fund is raised for the benefit of widows and children of firemen killed at a fire, and a portion of the fund is paid to a widow for herself and her five children, and she invests the money in a house, taking title in her own name, she holds the house in trust for herself and children.

2. If she subsequently remarries and dies, her husband is entitled to his curtesy in one-sixth of the real estate only.

3. The fact that the first house was sold, and the proceeds thereof, with a small balance from the original fund, was invested in a second house, does not affect the trust in favor of the children.

4. Equity will follow a trust fund in every form for the benefit of those entitled.

5. In an action of ejectment by the husband against the children to recover possession of the second house, a statement in the wife's will that she bought the house with the money donated and placed in her hands for the benefit of her children, is a declaration against interest, since the property was in her name, and, consequently, relevant testimony. The husband's interest could rise no higher than that of his wife.

Argued October 13, 1920. Appeal, No. 112, Oct. T., 1920, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1918, No. 1534, for defendants n. o. v., in case of John T. Frazier v. Mabel I. Foreman et al. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Ejectment for house and lot in 22d ward of Pittsburgh. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

At the trial the jury returned a verdict for plaintiff. Subsequently the court entered judgment for defendants n. o. v. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Owen S. Cecil*, with him *Joseph B. Hetherington*, for appellant.—Defendant's evidence being parol, the case should have been submitted to the jury: Canole v. Allen, 222 Pa. 156; Lautner v. Kann, 184 Pa. 334; Lehigh C. & N. Co. v. Evans, 176 Pa. 28; Darrah v. Kadison, 51 Pa. Superior Ct. 133.

Defendant's evidence was insufficient in substance and weight to establish a trust by parol: Olinger v. Shultz, 183 Pa. 469; Dollar Savings Fund & T. Co. v. Trust Co., 223 Pa. 286; Murray v. R. R., 103 Pa. 37.

The nearest approach to the case at bar on the facts is Gillan v. Gillan, 55 Pa. 430.

*Chas. A. Waldschmidt,* with him *A. D. Wilkin,* for appellees.—The judgment was proper: Lehigh Coal & Nav. Co. v. Evans, 176 Pa. 28; Darrah v. Kadison, 51 Pa. Superior Ct. 133; McLaughlin v. Fulton, 104 Pa. 161; Preston v. Preston, 202 Pa. 515; Chew v. Southwark, 5 Rawle 160.

OPINION BY MR. JUSTICE FRAZER, December 31, 1920:

Plaintiff, surviving husband of Rachel A. Frazier who died June 10, 1917, leaving a will in which she devised her real estate to her five children, elected to take against the will and began the present action in ejectment, upon refusal of the children to surrender possession of a house and lot in which he claimed a life interest as tenant by curtesy. The trial judge gave binding instruction for plaintiff, leaving to the jury the question of the value of the use of the property under plaintiff's claim for mesne profits to the time of the trial, which the jury assessed at $509.17. Subsequently, the court entered judgment on the verdict for an undivided one-sixth interest in the property and one-sixth the damages assessed as mesne profits and judgment non obstante veredicto for defendants as to the remainder. From this judgment plaintiff appealed.

A former husband of decedent was a member of the Pittsburgh Fire Department and while on duty at a fire at the works of the Best Manufacturing Company in that city in 1901, he and several other firemen lost their lives. A subscription fund was collected from citizens of the city for the benefit of the families of the deceased firemen and out of the funds so collected the mayor of the city paid decedent a sum of $2,077.88, securing her signature to a receipt stating the payment was made "out of the funds subscribed by the citizens for the use, benefit and relief of the widows and children of the firemen who lost their lives in the discharge of their duties at the fire at the Best Manufacturing Company, at the corner of 25th street and Allegheny Valley railroad, and the

fire of July 7, 1900, on Fifth avenue." Decedent deposited the money so received in bank in her name and shortly afterwards purchased a home for herself and children for the sum of $1,850, the consideration paid being from the fund received by her from the mayor of Pittsburgh. At the time of receiving the money, decedent indicated her intention to invest it in a home for her children. The property so purchased was occupied by decedent and her family for three years and then sold for $2,400 and the property now in controversy purchased for the sum of $2,500, decedent using the proceeds realized from the sale of the former property and sufficient of the balance of the trust money remaining on deposit in a savings fund to complete the purchase. Seven years later the widow married plaintiff, who now claims curtesy in the property last purchased.

Under the language of the receipt indicating the purpose for which the fund was created and paid, as to which there is no dispute, it was clearly the intention of the donors that it should be a gift to the widows and children of the firemen who lost their lives, and, there being no particular designation of the proportions in which they were to take, the natural presumption is they took per capita, the widow one-sixth and the five children each one-sixth. Upon decedent's investing the fund in the property first purchased and title taken in her name, a trust resulted for the benefit of herself and children in the same proportions as their ownership in the fund itself; upon the sale of that property, and the reinvesting of the proceeds, with the remainder of the original fund still on deposit, in another property and the title taken and held in the same manner, such change in the form of the investment did not affect the trust under the rule that equity will follow such funds in every form for the benefit of those entitled: McLaughlin v. Fulton, 104 Pa. 161; Kauffman v. Kauffman, 266 Pa. 270, 276. Claimant had no interest in the fund, so created, at its inception and, in fact, did not marry decedent

until ten years after the money was contributed and paid to her. His curtesy, consequently, could attach only to such share of the fund, or its proceeds, as belonged to the widow. Under no circumstances could he acquire an interest in the part given to the children. Though the legal title to that part of the fund and the property purchased with it was in the widow, she held only for the benefit of the children, and her title as trustee could not, under the circumstances, support a claim for curtesy in their share: Chew v. Commissioners, 5 Rawle *160.

There is no dispute as to the manner in which the fund was created or in the way in which it was subsequently disposed of; in fact the statement of questions involved admits it was created and used as above indicated. In addition to this admission, decedent in her will provided that "the house, my home in question, was bought with the money donated by the citizens of Pittsburgh and placed in my hands for the benefit of my children." This language was a declaration against interest, since the legal title to the property was in her name; consequently, relevant testimony: Harrisburg Bank v. Tyler, 3 W. & S. 373; Taylor v. Gould, 57 Pa. 152. Plaintiff stands in the place of decedent and his rights can rise no higher than hers.

The assignments of error are overruled and the judgment of the court below affirmed.