## Lessa v. Staler, Appellant.

*Contracts—Contract for sale of real estate—Affidavit of defense —Insufficiency.*

In an action of assumpsit for commissions earned in the sale of real estate, an affidavit is insufficient, which alleges that in spite of, and contrary to, the terms of the written instrument, the commissions were not to become due until final settlement was made by the purchaser.

Without averments of fact tending to show fraud, accident or mistake, one attaching his signature to an instrument should be

468, (1921).]     Syllabus—Opinion of the Court.

held to have made the paper his voluntary obligation.   Where it is not asserted that the plaintiff intended to have the alleged oral understanding incorporated in the agreement, the preparation and signing of it by the defendant and the acceptance of it by the plaintiff raises a strong presumption that he did not so intend. The general rule is that a mistake will not be relieved against if it is the result of the party's own negligence.

Argued October 21, 1920.   Appeal, No. 285, Oct. T., 1920, by defendant, from order of Municipal Court of Philadelphia, June T., 1920, No. 111, making absolute rule for judgment for want of a sufficient affidavit of defense, in the case of D. Lessa v. S. Staler.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KEL-LER and LINN, JJ.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.   Defendant appealed.

*Error assigned* was the order of the court.

*Herman J. Tahl,* for appellant.

*Herbert P. Sundheim,* of *Sundheim, Foltz & Sundheim,* for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The defendant appeals from a judgment entered in the Municipal Court of Philadelphia for want of a sufficient affidavit of defense.   It is not denied that he signed the written agreement, by the terms of which he agreed to pay to plaintiff a commission of two per cent for selling the property at No. 1432 N. Franklin street, for the price of $6,300, which agreement was in confirmation of a parol agreement made a short time before.   It is admit-

ted that the plaintiff found a purchaser who entered into a written agreement with the defendant for the purchase of the property for a price and on terms satisfactory to the latter. The defense to the action is that it was the understanding between the plaintiff and the defendant at the time the writing was signed that the commission for the sale was not to become due unless final settlement was made by the purchaser, and the defendant had received the purchase price therefor, but "due to the mistake of the scrivener" in not expressing in said writing that the commission for the sale shall not become due until final settlement was made and the defendant received the purchase price therefor, that said understanding was omitted from said writing. The contract sued on is brief and in simple form and relates to a single subject. It is in plain and unambiguous terms and easily understood by one who has the intelligence to read it. The defendant signed it. It is not alleged that his signature was attached thereto through any act of the plaintiff by which he was misled. It is not asserted that the defendant could not read, or that he did not read it, or that the scrivener wrongfully informed him as to its contents. Defense is sought therefore by impeachment of an instrument in writing, into which it is proposed to introduce a prior parol agreement without a proposal to prove that the agreement was omitted by fraud, accident or mutual mistake. It was the duty of the defendant to read the paper before he signed it. Without the averment of facts tending to show such fraud, accident, or mutual mistake, one attaching his signature to such an instrument should be held to have made the paper his voluntary obligation. It is not asserted that the plaintiff intended to have the alleged oral understanding incorporated in the agreement, and the preparation and signing of it by the defendant and the acceptance of it by the plaintiff raises a strong presumption to the contrary. The general rule is that a mistake will not be relieved against if it is the result of the party's own negli-

gence, as for instance where he has not taken the trouble to read or to have read to him the paper he was executing: Greenfield's Est., 14 Pa. 489; O'Reilly v. Reading Trust Co., 262 Pa. 337; Felin v. Futcher, 51 Pa. Superior Ct. 233.

Moreover no reason is given why final settlement was not made on the contract for the sale except that the purchaser had refused to pay the purchase money. This may have been, however, because of some default of the vendor. If the latter were not ready to deliver a deed, or if his title were defective, the purchaser was not bound to perform. It should have been made to appear that the defendant was ready and willing to convey in compliance with his agreement, and that the contract failed wholly because of the default of the purchaser. We regard the affidavit as an insufficient answer to the plaintiff's claim, and therefore affirm the judgment.