# Friedline *v.* Hoffman et al., Appellants.

*Mines and mining—Mining rights in surface—Deeds—Way of necessity—Implied way of access.*

1. Where an owner of coal and surface sells part of the coal with mining rights restricted to the portion of the surface over the coal conveyed, and thereafter sells the surface to another, and subsequently the remainder of the coal to the owners of the coal sold under the first deed, the latter cannot claim mining privileges in the surface above the coal first conveyed, so as to mine out the coal included in the second purchase.

2. Where an owner of coal and surface, in conveying the surface, reserves the coal with no stipulation as to the use of the surface for mining, he will be entitled to such use of the surface as may be necessary to mine the coal; but if he owns adjoining property through or over which it is practically possible to mine and remove the coal reserved, he has no right to use the conveyed surface as a way of necessity.

3. A way of access to property granted or reserved will be implied only when necessary to give effect to the grant or reservation; but never merely as a matter of convenience.

*Equity—Practice, equity—Remedy at law—Jurisdiction—Certification to law side of court—Act of June 7, 1907, P. L. 440.*

4. A court of equity will treat a case as entirely within equity jurisdiction, where it appears that at no time during the trial did defendant ask the court to certify the case to the law side of the court to be tried as an action of law under the Act of June 7, 1907, P. L. 440.

*Findings of fact—Appeal.*

5. Findings of fact by a chancellor based upon competent and sufficient evidence, approved by the court below, cannot be disturbed on appeal.

Argued September 29, 1921.    Appeal, No. 109, Oct. T., 1921, by defendants, from decree of C. P. Somerset Co., Equity Docket 1919, No. 3, on bill in equity, in case of William Friedline v. Samuel S. Hoffman and W. D. Slagle.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Bill in equity for an injunction.    Before BAILEY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Injunction awarded.    Defendants appealed.

*Error assigned,* among others, was decree, quoting it.

*James A. Graham,* of *Graham & Yost,* with him *Boose & Boose,* for appellant.—When anything is granted, all the means to obtain it are granted also, and all shall pass inclusive, together with the thing, by the grant of the thing itself: Howell v. McCoy, 3 Rawle 256, 271; Rankin's App., 1 Monaghan 308, 312; Greek v. Wylie, 266 Pa. 18, 23.

The owner of minerals has the right to remove the same and a grant or reservation of minerals carr with it as incidents the right to open a mine by sinkin

shafts: Chartiers Block Coal Co. v. Mellon, 152 Pa. 286; Turner v. Reynolds, 23 Pa. 199; Pringle v. V. Coal Co., 172 Pa. 438; Youghiogheny, etc., Co. v. Bank, 211 Pa. 319; Baker v. R. R., 219 Pa. 398; Oberly v. Coke Co., 262 Pa. 83.

*Clarence L. Shaver,* for appellee.—The parties having considered and agreed on the mode of access to the coal conveyed, no implication can be allowed of any other way however convenient: Bascom v. Cannon, 158 Pa. 225; McDonald v. Lindall, 4 Rawle 492; Webber v. Vogel, 159 Pa. 235; Funk v. Haldeman, 53 Pa. 229; Grubb v. Guilford, 4 Watts 223; Titus v. Coal Co., 263 Pa. 24; Greek v. Wylie, 266 Pa. 18.

Where the owner of the coal has a means of access through his own estate, through lands not only owned by him, but through lands which he specially acquired from plaintiff for the purpose of reaching the coal, the rule of necessity has no application: Chartiers Block Coal Co. v. Mellon, 152 Pa. 286; McDonald v. Lindall, 3 Rawle 492; Ogden v. Grove, 38 Pa. 487; Titus v. Coal Co., 263 Pa. 24.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

This suit in equity is to restrain the use of the surface of land in mining the underlying coal. In 1894, Martin L. Shaver, the owner of 144 acres of land in Somerset County, conveyed the coal in 55 acres thereof to C. U. Hileman et al., with full and complete right to enter upon and occupy so much of the surface as necessary for the successful mining and removal of the coal, and providing certain compensation to Shaver for land occupied or injured by such mining. In 1912, Shaver sold the surface of the entire 144 acres and 4 acres of the coal to William Friedline, the present plaintiff. The deed therefor stipulates "and it is further understood and agreed, that the operation of coal sold to C. U. Hileman al., by deed......shall be subject in all things to the

conditions set forth in said deed." Thereafter, in 1917, Shaver conveyed the balance of the coal, amounting to 85 acres, to the defendants herein with the proviso, "It is further understood that no rights for mining shall extend beyond the rights reserved in the deed from M. L. Shaver to William Friedline for the surface of the above described tract of land." Just prior to this purchase, defendants bought from plaintiff five acres of the surface, apparently as part of the same transaction and to be used in connection with their coal-mining operations, but upon investigation concluded their mining plant should be located on plaintiff's surface some four hundred feet from the five acres, and they sought to buy from plaintiff an additional acre of surface for that purpose, but failed to agree as to the price. Thereafter defendants, against plaintiff's repeated protests, took possession of the acre, cut timber, sunk a shaft thereon, etc., in preparation for coal mining, when they were restrained by an injunction granted in this suit.

The case was heard upon bill, answer, replication and testimony; from which the chancellor made comprehensive findings of the facts, including, inter alia, the following: "From the testimony taken, we find as a fact that, while it will be more expensive and less convenient for the defendants to mine their coal from this five-acre tract, it is practical and commercially feasible so to do.

"The defendants purchased five acres of land from the plaintiff for the purpose of making an opening into the defendants' coal and mining same, but, by the direction of the defendants, their engineers and employees made the opening on the plaintiff's surface at a point where it would be least expensive to the defendants, without reference to its being a way of necessity.

"The defendants could mine the coal owned by them underlying the plaintiff's surface at a profit by making an opening upon the surface of lands which they acquired from the plaintiff and without entry upon the lands owned by the plaintiff."

The chancellor also made findings of law supporting plaintiff's contention, and, after full consideration, the court below entered a final decree making permanent the injunction; from which defendants brought this appeal.

A careful examination of the entire record discloses no reversible error. The mining rights granted to Hileman referred only to the fifty-five acres of coal conveyed to him; and, while the deed from Shaver to Friedline embraces the surface above that coal and also above the eighty-five acres of coal subsequently sold to defendants, the reference to the mining rights therein is expressly confined to "the operation of coal sold to C. U. Hileman et al., by deed" and "subject in all things to the condition set forth in said deed." When Shaver sold the surface he did so of course subject to the mining rights he had previously granted therein to Hileman. The latter was not interested in the eighty-five acres of coal and the reference to his deed in the conveyance to plaintiff cannot be construed as extending thereto: Titus v. Poland Coal Co., 263 Pa. 24; Webber v. Vogel, 159 Pa. 235. Such conveyance makes no mention of any surface mining privileges as appurtenant to the eighty-five acres of coal reserved by Shaver, who thenceforth owned the same with such right of access thereto as the law would imply, and that was all he could, or attempted to, sell defendants.

Where a vendor of the surface reserves the coal, with no stipulation as to the mining thereof, he will be entitled to such use of the surface as is necessary to make his reservation effective (Baker v. Pittsburgh, etc., R. R. Co., 219 Pa. 398; 27 Cyc. 688); but, if he owns adjoining property, through or over which it is practically possible to mine and remove the reserved coal, he will not be entitled to use for that purpose the conveyed surface. A way of access to property, granted or reserved, will be implied only when necessary to give effect to the grant or reservation (Com. v. Burford, 225 Pa. 93; Ogden v. Grove, 38 Pa. 487; Marvin v. Brewster Iron

Mining Co., 55 N. Y. 538; 14 Cyc. 1174), but never merely as a matter of convenience: Howell v. McCoy, 3 Rawle 256; Francies's App., 96 Pa. 200; 19 Corpus Juris 922. Here, when defendants bought the coal, they owned five acres of plaintiff's surface, which the chancellor finds was a means of access to the coal; he also finds, in effect, that while it is not the most convenient avenue of approach to the coal the latter can thereby be mined at a profit and that it is commercially feasible to do so. Such findings were based upon competent and sufficient evidence, were approved by the court below, and cannot be disturbed on appeal: Shimer v. Aldine Trust Co., 264 Pa. 444.

Where the parties have agreed as to the method of access to the coal, the law will not imply a different way, although more convenient: Titus v. Poland Coal Co., supra; Greek v. Wylie, 266 Pa. 18; Bascom v. Cannon, 158 Pa. 225. Here, however, independently of such an agreement, defendants have a practicable way over their own lands for the removal of the coal in question; hence, the law cannot allow them a right-of-way by necessity over plaintiff's land.

The right to determine this case on the equity side of the court is sufficiently shown by the following from the opinion of the trial court: "At no point during the trial of this case did the defendants ask the court to certify this case to the law side of the court to be tried as an action at law under the Act of June 7, 1907, P. L. 440, Stewart's Purdon, vol. 5, page 6063, upon the ground that the plaintiff had an adequate remedy at law or that the case was ever put down for a decision of that question in limine. We are required to deal with it, therefore, as being entirely within equity jurisdiction."

As what we have stated necessarily leads to an affirmance of the decree, the other questions raised become unimportant.

The decree is affirmed and appeal dismissed at appellants' costs.