# Bank of Pittsburgh *v.* Purcell et ux., Appellants.

*Equity—Jurisdiction—Remedy at law—Raising question in limine—Waiver—Averments in bill—Act of June 7, 1907, P. L. 440.*

1. Where a defendant in an equity case goes to trial on the merits he cannot allege at the trial that plaintiff had an adequate remedy at law.

2. In such case, the defendant must raise the question in limine as provided by the Act of June 7, 1907, P. L. 440, and insist upon its decision before trial; if he does not do so, the objection as to equity jurisdiction is waived.

3. The question of jurisdiction depends on the averments in the bill, and not on answer or testimony.

4. Where equity has jurisdiction of the subject-matter, as in a case of fraudulent conveyance, upon which side of the court the question shall be determined is not vital and unless a defendant, sued in equity, insists before trial that the case be certified to the law side of the court, the right of trial by jury is waived, and the case is properly heard and determined as one in chancery.

*Deeds—Fraudulent conveyance—Deed of husband in fraud of creditors—Rights of wife—Resulting trust—Evidence — Declarations against interest—Credibility.*

5. To create a resulting trust in the wife of land standing in the name of the husband, as against his creditors, requires clear and satisfactory evidence.

6. The mere fact that a wife by thrift and economy enables her husband to accumulate property held in his name, vests her with no interest therein except that of a spouse.

7. On a bill in equity against a husband and wife to set aside a deed by the husband to his wife and himself when he was insolvent, declarations of the husband against his interest are admissible in evidence to establish the insolvency; this is not the case of a husband's competency to impeach the wife's title.

8. In such case where there is evidence of the husband's insolvency, and he takes the stand and asserts his solvency when the deed was made, his inconsistent declarations previously made are pertinent as affecting his credibility.

Argued March 16, 1926.   Appeal, No. 33, March T., 1926, by defendants, from decree of C. P. Allegheny Co., Jan. T., 1925, No. 3064, for plaintiff on bill in equity, in case of Bank of Pittsburgh v. Robert T. Purcell et ux. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Bill to set aside deed.   Before DREW, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff.   Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Frederick W. Miller,* for appellants.—There was an adequate remedy at law: Kemmler v. McGovern, 238

Pa. 460; Haines's App., 73 Pa. 169; Yonkers v. Warden, 8 Pa. Superior Ct. 395; Heller v. Fishman, 278 Pa. 328.

Mrs. Purcell was equal joint owner with Mr. Purcell of the savings which were being accumulated for the purchase of a home and which were so employed.

*John M. Reed,* with him *W. A. Wilson,* of *Calvert, Thompson & Wilson,* for appellee.—Equity has concurrent jurisdiction with the law side of the court of actions to set aside alleged fraudulent conveyances of real estate: Smith v. McClure, 257 Pa. 168; Orr v. Peters, 197 Pa. 606; Kemmler v. McGovern, 238 Pa. 460; Wagner v. Fehr, 211 Pa. 435.

Defendants waived their right to object to the jurisdiction: Tide Water Pipe Line Co. v. Bell, 280 Pa. 104; New York & Pa. Co. v. R. R., 280 Pa. 297; Montgomery Bros. v. Montgomery, 269 Pa. 332; McConville v. Ingham, 268 Pa. 507.

The conveyance was voidable: Blick v. Cockins, 252 Pa. 56; Levy v. Hershberger, 249 Pa. 504; Rochester Trust Co. v. White, 243 Pa. 469.

OPINION BY MR. JUSTICE WALLING, April 12, 1926:

On March 3, 1919, the defendant, Robert T. Purcell, completed the purchase of the property known as No. 69 McMunn Avenue, Crafton, Pennsylvania, paid the consideration therefor in full with his own funds and took a deed to himself. Thereafter, on October 10, 1923, through a third party, he had the title transferred to himself and wife as an estate by entireties. At the latter date Purcell was wholly insolvent and indebted to plaintiff in approximately $13,000, for which it later obtained judgment and, at a sheriff's sale upon execution issued thereon, bought his interest in the property above mentioned and filed this bill to set aside the said conveyances from Purcell and to Purcell and wife. The case was heard upon bill, answer, replication and testimony and, the controlling facts being found in favor of

plaintiff, a final decree was entered in due course grant-
ing the relief prayed for; therefrom defendants brought
this appeal.

On the merits the decision was clearly right and the
record discloses no cause for reversal. The answer
raises the question of an adequate legal remedy, but as
defendants went to trial on the merits and took no steps
to have that question decided in limine, as required by
the Act of June 7, 1907, P. L. 440, the objection as to
equity jurisdiction was waived and could not be inter-
posed during or after trial. In such case the defendant
must not only raise the question of jurisdiction but in-
sist upon its decision before trial: Tide Water Pipe Co.
v. Bell, 280 Pa. 104; Norristown v. Reading T. & L. Co.,
277 Pa. 459; Friedline v. Hoffman, 271 Pa. 530; Wright
et al. v. Baker, 270 Pa. 186; Montgomery Bros. v. Mont-
gomery, 269 Pa. 332; McConville v. Ingham, 268 Pa.
507. The question of jurisdiction depends on the aver-
ments in the bill and not upon the answer or testimony;
the chancellor, however, may dismiss the bill for lack
of sufficient evidence: section 1, Act of June 7, 1907,
supra. Where equity has jurisdiction of the subject-
matter, as it has in case of fraudulent conveyance, or
to remove a cloud upon the title (Octoraro Water Co.
v. Garrison, 271 Pa. 421; Smith v. McClure et al., 257
Pa. 168; Wagner v. Fehr, 211 Pa. 435; Orr v. Peters,
197 Pa. 606; Houseman v. Grossman et al., 177 Pa.
453), upon which side of the court the question shall be
determined is not vital and unless a defendant, sued
in equity, insists before trial that the case be certified
to the law side of the court, the right of trial by jury is
waived and the case is properly heard and determined
as one in chancery. So far as appears, no statute similar
to our Act of 1907, supra, exists either in Michigan or
South Carolina, so that cases called to our attention
from those states, to the effect that where the creditor
seizes and sells land conveyed, as alleged in fraud of

creditors, he must test the validity of such conveyance by ejectment rather than in equity, are not persuasive.

Furthermore, to create a resulting trust in the wife of land standing in the name of the husband, as against his creditors, requires clear and satisfactory evidence, of which this record discloses none. The mere fact that a wife by thrift and economy enables her husband to accumulate property, held in his name, vests her with no interest therein except that of a spouse. While Mrs. Purcell seems to have received approximately $2,000 from the estates of her mother and grandmother, it clearly appears that no part thereof, or any other funds of the wife, were used in the purchase of the land in question; hence, had the case been tried as one of ejectment the trial judge would necessarily have given binding instructions for plaintiff (Onorato v. Carlini, 272 Pa. 489, 493; Gilchrist, Guardian, v. Brown et ux., 165 Pa. 275; Knecht v. Reichard, 60 Pa. Superior Ct. 273); and defendants lost nothing by the trial being in equity.

To establish Purcell's insolvency at the time of the alleged fraudulent transfer, plaintiff was permitted to prove his declarations. There was no error in this for the declarant was a party to the suit, in possession of and claiming a joint ownership in the land at issue and the declarations were against his interest. See Frazier v. Foreman, 269 Pa. 13; Miller et al. v. Baker, 160 Pa. 172. It is not the case of the competency of a husband's declarations to impeach the wife's title. Moreover, Purcell's insolvency clearly appeared by notes and other incontrovertible evidence and, as he later took the stand and testified fully as to his financial condition, the proof theretofore offered of his prior inconsistent declarations became pertinent as affecting his credibility: Miller et al. v. Baker, supra, 179; Thomas v. Butler, 16 Pa. Superior Ct. 268; Same v. Same, 24 Pa. Superior Ct. 305. It is not necessary to consider the effect of the Act of June 4, 1901, P. L. 425, requiring the execution and

recording of a declaration of trust, etc., or of the Act of May 21, 1921, P. L. 1045, concerning fraudulent conveyances, etc.

The decree is affirmed and appeal dismissed at the cost of appellants.