## Benjamin Franklin Federal Savings & Loan Assn. v. Superb Realty Company et al.

*Abraham Wernick,* for plaintiff.

*Dorsey F. Boston,* for defendant.

*Ballard, Spahr, Andrews & Ingersoll,* for Girard Trust Company.

ALESSANDRONI, J., June 26, 1944.—The history of this action was set forth in detail in the opinion of the learned president judge in disposing of preliminary

objections raised by the Girard Trust Company. Summarizing such of the facts as are material to the present disposition, the following appears:

Complainant held a mortgage given by Superb Realty Company secured on premises situate on the southeast corner of Water and Ritner Streets, in the City of Philadelphia. Subsequently the real estate was conveyed to South Philadelphia Terminal Company and, the mortgage being in default, on January 30, 1940, complainant addressed a letter to the Superb Realty Company, agreeing to extend the term of the mortgage provided, inter alia, "one-twelfth of the taxes are to be paid to us, monthly, on the first day of each month, beginning as of January 1, 1940". The agreement so set forth was accepted by both the Superb Realty Company and the South Philadelphia Terminal Company and complied with by them. Thereafter, complainant requested of the receiver of taxes the tax bills for the years 1940 and 1941 for the mortgaged property but received, in lieu thereof, bills for the adjacent property, owned by the Superb Realty Company, and described on the bills as "E. S. Water St. 140 FT S. Ritner St", which property was encumbered by a mortgage in favor of the Girard Trust Company. Believing the bills to be for the corner property, complainant erroneously made four semi-annual payments on the bills so submitted for the years 1940 and 1941. It has no interest in that adjoining property.

The error was first discovered in 1942, at which time complainant made demand upon the receiver of taxes and respondents to transfer the tax credits to the account of the corner property. Respondents refused to so direct and, instead, exhibited the tax receipts to the Girard Trust Company in proof of payment of the taxes due on the property encumbered by the mortgage in favor of that company. Complainant foreclosed upon its mortgage but the Sheriff of Philadelphia withheld from the proceeds of sale the sum of $2,722.79, repre-

senting the delinquent taxes for the years 1940 and 1941. Hence this bill, which asks for a decree that the tax credits be canceled for the property situate on the east side of Water Street, 141.3 feet south of Ritner Street, and that respondents direct the receiver of taxes to enter the said credits for the property situate on the southeast corner of Water and Ritner Streets. It is further prayed that the Sheriff of Philadelphia County pay complainant the sum of $2,722.79, retained as aforesaid. At the conclusion of the hearing on the merits complainant amended the bill to include a prayer for a money judgment against respondents.

### Discussion

In dismissing the bill as to the Girard Trust Company, which was at best a bystander in this transaction, the learned president judge stated, "It would be unfair, inequitable and prejudicial to its rights to compel the Girard Trust Company, after this lapse of time when its equity in the property against which it held the mortgage may have diminished, to take action as a litigant to cause the collection of taxes that may be due upon the property upon which it holds its mortgage, or to correct an error for which the plaintiff is itself responsible". From this conclusion, as to which there can be no logical dissent, it necessarily follows that no decree can be entered affecting or disturbing the present status of the tax credits as they now appear upon the books of the receiver of taxes. In the mistake which was made by respondent, the Girard Trust Company was not a party; indeed, the same is true of the remaining respondents. The erroneous payment has been ratified by respondents, who accepted the benefit thereof by exhibiting the receipted bills to the Girard Trust Company. The resultant interests, so acquired innocently by the Girard Trust Company, to whom respondent Superb Realty Company owed a duty to pay the taxes, cannot now be divested by any other disposition

of the moneys paid by complainant to the receiver of taxes on behalf of respondents.

Removing this possibility from the case, therefore, we have entertained grave doubts as to the jurisdiction of equity in this matter. Complainant asserts its right to equitable relief alternatively upon the grounds of mistake, unjust enrichment, and fraud. Of course, there can be no denial of the fact that money paid as the result of a mistake of fact to one not entitled thereto is recoverable in an action in assumpsit: Girard Trust Co. v. Harrington, 23 Pa. Superior Ct. 615 (1903); Kunkel et al. v. Kunkel, 267 Pa. 163 (1920); A. L. I. Restatement of Restitution, §43. And, if the mistake be mutual in character, equitable relief will be available: Radnor B. & L. Assn. v. Scott et al., 277 Pa. 56 (1923). Here, however, there was no mutual mistake between the parties; the erroneous payment resulted from the absence of common care, caution, and prudence on the part of complainant in failing to perform the self-imposed obligation of applying respondent's money to the payment of the proper taxes.

"... courts of equity will not relieve a party from the consequences of an alleged mistake which is purely the result of his own supine or inexcusable carelessness, where he has, within his own hands, every means to enable him to avoid such a mistake by the exercise of reasonable care; and especially is this so when his application for relief is postponed to a time when it is beyond his power to restore to the other party the situation he occupied before the contract was entered into. The principle is thus stated by Lord Campbell in Duke of Beaufort v. Neeld, 12 Cl. & F. 248: 'No case can be found in which a court of equity has been successfully asked to interfere in favor of a man who willfully was ignorant of what he ought to know; or where a man who, without exercising that diligence which the law would expect of a reasonable and careful person, committed a mistake in consequence of which the proceed-

ing in court has arisen and it has been repeatedly de-
cided that equity will not relieve against mistake where
the party complaining had within his reach the true
state of facts.' ": Felin v. Futcher, 51 Pa. Superior Ct.
233, 239 (1912) ; Lessa v. Staler, 75 Pa. Superior Ct.
468 (1921).

The contention of unjust enrichment inuring to re-
spondents as a result of the erroneous payment as
ground for equitable relief overlooks several signifi-
cant facts. Unjust enrichment, per se, is not a basis for
equitable jurisdiction. Indeed, the restitution follow-
ing unjust enrichment is founded upon a promise to
repay implied in law as flowing from the person so en-
riched; upon such a promise an action ex contractu
will lie. Equitable relief is available if there be some
additional fact present such as a complication of ac-
counts, multiplicity of action, or otherwise so that the
remedy at law will not be full and adequate: Kurtz v.
Bubeck, 39 Pa. Superior Ct. 370 (1909). No such fact
is here present. Further, the very expression "unjust
enrichment" used by complainant in describing this
transaction is misleading. As a result of its error com-
plainant may have been deprived of the benefit of its
bargaining but by no stretch of the imagination have
respondents been unjustly enriched. The money paid
to complainant was not to be retained by it; it was re-
spondents' money to be used to discharge a tax liability
of respondent, South Philadelphia Terminal Company,
to the City and County of Philadelphia. It is conceded
that there is an identity of proprietorship in the two
corporate respondents. The money paid—and it does
not clearly appear whose money it was as between the
two corporations—satisfied a liability accrued against
a property owned by one of the corporations. They
have not objected to the wrongful application of their
money. Indeed, they have accepted it and the benefits
derived therefrom. In a strict sense, while the failure
to have the taxes paid may have caused a default in the

mortgage, they have not breached the contract; they paid the moneys to complainant and complainant, as their agent, failed to discharge the tax liability for which it had accepted the money.

Complainant's assertion of fraud based upon respondent's having exhibited the receipted tax bills to the Girard Trust Company is wholly without merit. There is no suggestion that the erroneous payment was in any way caused by the respondents. They were guilty of no wrongful act in connection therewith. After the event, when complainant called the true state of facts to the attention of respondent's officers, they accepted the benefits of the erroneous payments by using the tax bills. By so doing the most that can be said of them is that they cannot now be heard to declare that they have paid the taxes due on the property encumbered by complainant's mortgage. To speak in this fashion would indeed be unconscionable; but it is not fraudulent. Their conduct amounts to a ratification of the payment made by complainant and, in fine, leaves them in the position where the tax liability on the corner property is due and owing. This conduct negates the fact of payment of the taxes for the corner property and hence they are estopped now to deny their failure to discharge the tax payment clauses of the agreement of January 30, 1940. This, however, is at most a breach of contract, retroactively constructed upon the fruits of complainant's error and respondent's acquiescence therein. For this legal wrong there is a legal remedy.

To certify the entire cause to the law side of the court, however, would in a sense be a vain thing. The facts are not in dispute and the bill and answers filed thereto present the issue clearly. Here, as in Friedline v. Hoffman et al., 271 Pa. 530, 535 (1922) :

" 'At no point during the trial of this case did the defendants ask the court to certify this case to the law side of the court to be tried as an action at law under the Act of June 7, 1907, P. L. 440, Stewart's Purdon,

vol. 5, page 6063, upon the ground that the plaintiff had an adequate remedy at law or that the case was ever put down for a decision of that question in limine. . . .' " See also Deeb v. Ferris et al., 127 Pa. Superior Ct. 489 (1937), and Drum et al. v. Dinkelacker, 79 Pa. Superior Ct. 91 (1922).

If, however, the sole basis of complainant's claim were founded in the breach of contract, we would nonetheless be obliged to certify the case to the law side of the court, in accordance with the duty imposed upon us by the Act of June 7, 1907, P. L. 440, 12 PS §1227. Actually, however, the retention of the portion of the proceeds of the foreclosure sale by the sheriff for the payment of the delinquent taxes has introduced the element of complainant's subrogation to the municipal claim against the owner of the property who was liable therefor. While such right, because of the mixed nature of the administration of law and equity in our courts, has been enforcible by an action in assumpsit, actually the doctrine of subrogation is equitable in nature and hence the right is enforcible in equity: 8 Standard Pa. Practice §36.

It is upon this basis that we reach the conclusion that a decree in the form of a money judgment should be entered against the South Philadelphia Terminal Company, owner of the premises during the years 1940 and 1941, and the bill certified to the law side of the court as to Superb Realty Company, the other party to the contract of January 30, 1940. The bill should be dismissed as to the individual respondents. . . .

### Decree nisi

And now, to wit, June 26, 1944, this case having come on to be heard upon bill, answers, and proofs, upon consideration thereof it is ordered, adjudged, and decreed:

1. That the bill is dismissed as to Harry Pottash and Max Pottash and David E. Watson, Sheriff of Philadelphia County.

2. That the bill is dismissed without prejudice as to Superb Realty Company for want of an issue justiciable in equity.

3. That judgment be and is hereby entered against the South Philadelphia Terminal Company, in favor of complainant in the sum of $2,722.79, with interest.

4. Respondent, South Philadelphia Terminal Company, to pay the costs of this proceeding.

The prothonotary is directed to enter this decree nisi and to give notice thereof to the parties or their counsel, and unless exceptions thereto are filed within 10 days thereafter the said decree shall become final.